**FILE COPY**

Harley I. Lewin (HL 1819)
Scott Gelin (SG 9599)
GREENBERG TRAURIG, LLP
200 Park Avenue, 34th Floor
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400



*Attorneys for Plaintiffs Lucky Brand Dungarees, Inc. and Liz Claiborne, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCKY BRAND DUNGAREES, INC.;<br>LIZ CLAIBORNE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ALLY APPAREL RESOURCES LLC<br>D/B/A GET LUCKY, KEY APPAREL<br>RESOURCES, LTD., MARCEL FASHION<br>GROUP, INC. and EZRA MIZRACHI,<br><br><br>Defendants. | **05 CV 6757**<br><br>Civil Action No. _____<br><br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiffs Lucky Brand Dungarees Inc. and its parent corporation Liz Claiborne, Inc. (collectively, "Plaintiffs") allege the following for their Complaint against Ally Apparel Resources LLC d/b/a Get Lucky; Key Apparel Resources, Ltd.; Marcel Fashion Group, Inc.; and Ezra Mizrachi (collectively, "Defendants"):

### JURISDICTION AND VENUE

1.      This is an action at law and equity for trademark infringement, unfair competition and trademark dilution arising under (a) the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*,

(1994) (the "Lanham Act"), (b) New York State trademark infringement, trademark dilution and unfair competition laws and (c) common law trademark infringement and unfair competition.

2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. §§ 1116 and 1121.

3.      This Court has subject matter jurisdiction under § 39 of the Lanham Act, 28 U.S.C. §§ 1331 and 1338, and under 15 U.S.C. § 1121.

4.      This Court has jurisdiction over Plaintiffs' related state and common law claims pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Defendants because Defendants Ally Apparel Resources LLC d/b/a Get Lucky and Key Apparel Resources, Ltd. are located and do business in the State of New York at 1400 Broadway #803, New York, NY 10018 and because Defendants Marcel Fashion Group, Inc. and Ezra Mizrachi, upon information and belief, granted Ally Apparel Resources, Ltd. and Key Apparel Resources, Ltd. a license to use the GET LUCKY trademark for men's jeanswear and sportswear.  Additionally, upon information and belief, all Defendants have manufactured, distributed and sold infringing merchandise, or licensed to others the right to do same, within this State of New York, and such products have been used or consumed in this State in the ordinary course of trade; have engaged in acts or omissions within this State causing injury; have engaged in acts or omissions outside of this State causing injury within this State; or have otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

6.      This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

7.      Plaintiff Lucky Brand Dungarees, Inc., ("Lucky Brand") is a corporation, organized and existing under the laws of the State of Delaware. Lucky Brand is headquartered at 5233 Alcoa Avenue, Vernon, CA 90058.

8.      Plaintiff Liz Claiborne, Inc. ("Liz Claiborne") is a corporation, organized and existing under the laws of the State of Delaware and is the parent corporation of Plaintiff Lucky Brand. Liz Claiborne is headquartered at 1 Claiborne Ave., North Bergen, NJ 07047.

9.      Defendant Ally Apparel Resources LLC d/b/a Get Lucky ("Ally") is a New York limited liability corporation located at 1400 Broadway #803, New York, NY 10018.

10.     Defendant Key Apparel Resource Ltd. ("Key") is a New York limited liability corporation located at 1400 Broadway #803, New York, NY 10018.

11.     Ally and Key are hereinafter collectively referred to as "Ally." Upon information and belief, Key and Ally are alter ego entities of one another.

12.     Defendant Marcel Fashion Group, Inc. ("Marcel") is a Florida corporation located at 375 NW 23rd Street, Miami, FL 33127.

13.     Upon information and belief, Defendant Ezra Mizrachi, an individual, is the founder and president of Marcel and is an individual residing at 10374 Boca Entrada Blvd., Boca Raton, FL 33428.

## OVERVIEW OF LUCKY BRAND

14.     Lucky Brand is a leading manufacturer and marketer of high-quality jeanswear and sportswear in addition to apparel accessories, fragrances and toiletries (collectively, the "LUCKY BRAND Products").

15.     Since its inception nearly 15 years ago, Lucky Brand has sold more than one billion dollars worth of its LUCKY BRAND Products, all marked with its proprietary trademarks throughout the United States.  In 2004, total sales of LUCKY BRAND Products were 226 million dollars.  Plaintiffs estimate that in 2005, total sales of LUCKY BRAND Products will be approximately 282 million dollars.

16.     Men's jeanswear and sportswear accounts for approximately 40% of Lucky Brand's total sales, with most of the remainder being women's jeanswear and sportswear.

17.     Like all LUCKY BRAND Products, every LUCKY BRAND men's garment is branded as such and bears one or more marks from the LUCKY Family of Marks, as defined below.

18.     Although LUCKY BRAND jeanswear and sportswear is worn by consumers of all ages, Lucky Brand's largest consumer demographic for both men and women is ages 15 to 35.

## LUCKY BRAND'S LUCKY FAMILY OF MARKS

19.     For nearly 15 years, Lucky Brand, along with its predecessors-in-interest and associated companies, have used its trademarks in connection with the manufacture, distribution, advertising, marketing and sale of jeanswear, sportswear and apparel accessories, including, *inter alia:* jeans, wovens, knitwear, dresses, jackets, headwear, t-shirts, underwear, bathing suits, sunglasses, belts, fragrances and toiletries in interstate and intrastate commerce.

20.     Lucky Brand is the owner of, *inter alia*, the entire right, title and interest in and to the following federally registered and/or applied for trademarks, the vast majority of which contain the terms "LUCKY," "LUCKY BRAND" or the symbol of a clover  (collectively, the "LUCKY Family of Marks"):

| UNITED STATES REG. or APP. NO. | MARK | REG. or FILING. DATE |
|---|---|---|
| 2306327 | BE LUCKY | Jan. 4, 2004 |
| 2400358 | Clover design | Oct. 31, 2000 |
| 2698194 | Clover design | Mar. 18, 2003 |
| 1886118 | Fly design | Mar. 28, 1995 |
| 2050091 | Fly design | Apr. 8, 1997 |
| 2381638 | LUCKY and design | Aug. 29, 2000 |
| 2903532 | LUCKY BABY | Nov. 16, 2004 |
| 1646123 | LUCKY BRAND | May 28, 1991 |
| 2330052 | LUCKY BRAND | Mar. 14, 2000 |
| 2655004 | LUCKY BRAND | Nov. 26, 2002 |
| 2725491 | LUCKY BRAND | June 10, 2003 |
| 2756608 | LUCKY BRAND | Aug. 26, 2003 |
| 2795162 | LUCKY BRAND | Dec. 16, 2003 |
| 2846556 | LUCKY BRAND | May 25, 2004 |
| 2795162 | LUCKY BRAND | June 20, 2000 |
| 78/188343 | LUCKY BRAND | Nov. 24, 2002 |
| 75/924261 | LUCKY BRAND | Feb. 22, 2000 |
| 2883694 | LUCKY BRAND and design | Sept. 14, 2004 |
| 78/185130 | LUCKY BRAND BABY | Nov. 14, 2002 |
| 2703123 | LUCKY BRAND BLUE JEANS | Apr. 1, 2003 |
| 78/185140 | LUCKY BRAND BOYS | Nov. 14, 2002 |
| 2686829 | LUCKY BRAND DUNGAREES | Feb. 11, 2003 |
| 2936774 | LUCKY BRAND DUNGAREES | Mar. 29, 2005 |
| 78/321365 | LUCKY BRAND DUNGAREES and design | Oct. 31, 2003 |
| 76/513511 | LUCKY BRAND DUNGAREES BY GENE MONTESANO and design | May 12, 2003 |
| 2158107 | LUCKY BRAND DUNGAREES OF AMERICA TOO TOUGH TO DIE | May 19, 1998 |
| 2888374 | LUCKY BRAND TRADE MARK LUCKY BRAND BATHING SUITS and design | Sept. 28, 2004 |
| 78/513557 | LUCKY BRAND JEANS | Nov. 9, 2004 |
| 2931758 | LUCKY DREAMS | Mar. 8, 2005 |
| 78/251335 | LUCKY GIRLS | May 19, 2003 |
| 2469997 | LUCKY ME | July 17, 2001 |
| 2875690 | LUCKY NIGHTS | Aug. 17, 2004 |
| 78/501574 | LUCKY SOUL | Oct. 18, 2004 |
| 2861488 | LUCKY SOUNDS | July 6, 2004 |
| 1739962 | LUCKY YOU | Dec. 15, 1992 |
| 1886118 | LUCKY YOU | Mar. 29, 1994 |
| 2306342 | LUCKY YOU | Jan. 4, 2000 |

| 78/243892 | LUCKY YOU | Apr. 30, 2003 |
|-----------|-----------|---------------|
| 2583368 | LUCKY YOU LUCKY BRAND | June 18, 2002 |
| 2724936 | LUCKY YOU LUCKY BRAND (stylized) | June 10, 2003 |
| 2698314 | LUCKY YOU LUCKY BRAND and design | Mar. 18, 2003 |
| 2857464 | LUCKYBRANDJEANS.COM | June 26, 2004 |
| 2646076 | LUCKYVILLE | Nov. 5, 2002 |
| 2353248 | LUCKYVILLE | Sept. 28, 1999 |
| 2598783 | LUCKYVILLE | July 23, 2002 |
| 2129881 | Clover Pocket design | Jan. 20, 1998 |
| 78/264920 | PRIDE & JOY | June 20, 2003 |
| 78/397613 | RN#80318 | Apr. 7, 2004 |
| 78/260803 | SNAPPY GO LUCKY | June 11, 2003 |
| 2271432 | THE LUCKY BRAND FOUNDATION MAKING A DIFFERENCE NOW | Aug. 24, 1999 |
| 2474549 | TRIPLE XXX DUNGAREES | July 31, 2001 |
| 2319618 | TRIPLE XXX DUNGAREES | Feb. 15, 2000 |
| 2383437 | WEAR US BE LUCKY and design | Sept. 5, 2000 |
| 2113726 | Clover zipper design | Nov. 18, 1997 |

21.     All of the registrations set forth above are valid, subsisting, unrevoked and uncancelled.  Several of these registrations are also incontestable.  The registrations of these marks constitute *prima facie* evidence of their validity and conclusive evidence of Lucky Brand's exclusive right to use its LUCKY Family of Marks in commerce in connection with the goods and services named therein, and commercially related goods and services.  The registration of the LUCKY Family of Marks also constitutes constructive notice to Defendants of Lucky Brand's ownership and exclusive rights in and to the LUCKY Family of Marks.

22.     The marks within the LUCKY Family of Marks are highly distinctive and arbitrary.

23.     Lucky Brand is also the owner of the trade names "Lucky Brand," "Lucky Jeans" and "Lucky," which have all been used to identify LUCKY BRAND Products in the United States.

24.     Lucky Brand has widely promoted its LUCKY Family of Marks in connection with its manufacture, distribution, marketing, advertising and sale of LUCKY BRAND Products in the United States.

25.     The general consuming public, actual and potential customers, and the fashion and apparel industry have all come to recognize products bearing the LUCKY Family of Marks as originating exclusively from Lucky Brand and have come to associate the LUCKY Family of Marks with high-quality LUCKY BRAND jeanswear and sportswear possessing exceptional style, durability and fit.

26.     Lucky Brand generally displays one or more marks from its LUCKY Family of Marks in its advertising, marketing and promotional materials.

27.     LUCKY BRAND Products are easily recognized because a vast majority of these products prominently display one of more of the LUCKY Family of Marks on the products themselves.

28.     Lucky Brand maintains strict quality control standards for all of LUCKY BRAND Products.  All genuine LUCKY BRAND Products are inspected and approved by Lucky Brand or its agents or licensees prior to distribution and sale in order to ensure top quality to the consumer.

## LUCKY BRAND'S MEN JEANSWEAR AND SPORTSWEAR DESIGNS

29.     Like all LUCKY BRAND Products, every LUCKY BRAND menswear garment is branded as such and bears one or more marks from the LUCKY Family of Marks.

30.     LUCKY BRAND jeanswear and sportswear for men can be characterized as authentic, vintage, irreverent, humorous, American, rugged and masculine.

31.    One of the key style components of LUCKY BRAND jeanswear and sportswear is the incorporation of the trademarks LUCKY, LUCKY BRAND, the clover symbol and other marks from the LUCKY Family of Marks into the clothing designs themselves.

32.    Lucky Brand's designers strive to use these trademarks so that they blend seamlessly into its clothing designs.

33.    The result is often humorous and unique and is one of the ways Lucky Brand has achieved such notoriety in a relatively short period of time.

34.    In addition to this incorporation of the LUCKY Family of Marks, some of the themes that Lucky Brand uses prominently on its jeanswear and sportswear designs are: fake vintage ads, Western looks, gothic symbols and symbols of retro-Americana.

## DISTRIBUTION AND MARKETING OF LUCKY BRAND

35.    LUCKY BRAND jeanswear and sportswear is sold in a variety of department stores and specialty stores throughout the United States in addition to Lucky Brand's own retail stores and online store.

36.    LUCKY BRAND jeanswear and sportswear is sold at retail through higher-end department stores such as Belk's, Nordstrom's, Neiman Marcus, Dillard's, Bloomingdale's and Macy's, throughout the United States.

37.    LUCKY BRAND jeanswear and sportswear is also sold in specialty apparel stores throughout the United States such as Buckle (which has 320 stores in 38 states), Glik's (which has 55 stores throughout the Midwest), and at Yellow Rat Bastard in the SoHo neighborhood of New York City.

38.    Lucky Brand also sells LUCKY BRAND jeanswear and sportswear in its 98 own retail stores and its online store.

39.     The retail price range of LUCKY BRAND Products is approximately $30 to $300.  Men's LUCKY BRAND jeans retail from approximately $90 to $120.  Men's LUCKY BRAND t-shirts retail at approximately $35.

40.     Lucky Brand runs unique and eye-catching print ads in such national publications as *GQ, Esquire, Seventeen, Elle, Vanity Fair* and *In Style*.

41.     Lucky Brand has also been the subject of much unsolicited, laudatory press coverage in various media, including editorial coverage in various fashion and lifestyle magazines.

42.     Lucky Brand advertisements are also featured on billboards and other outdoor signage.

43.     Lucky Brand jeanswear and sportswear has been featured on some of the most popular youth-oriented films and television programs, including television shows such as *Friends*, *Felicity* and WB's *What I Like About You* and films such as *Scream II* and the upcoming *Dukes of Hazzard*, in which actress Jessica Simpson, who plays "Daisy Duke", will wear LUCKY BRAND cut-off jeans.

44.     In early 1998, Lucky Brand launched its official Internet website.  This website is located at *www.luckybrand.com* and can be accessed through several other domain names.  As indicated above, Lucky Brand sells its LUCKY BRAND jeanswear and sportswear through its online store, which is part of this website.

45.     Lucky Brand engages in numerous promotional programs designed to expose the LUCKY Family of Marks to its target demographic which is young, hip, brand-conscious men and women.  For example, Lucky Brand sponsors film festivals and rock concerts under the

LUCKY BRAND trademark and its other marks. Lucky Brand has also sponsored a race car, which displayed its marks.

46.    In 1996, Lucky Brand created the Lucky Brand Foundation to help disabled and disadvantaged children, and the Lucky Brand Foundation continues with this mission to this day.

## DEFENDANTS' CONDUCT

47.    Defendant Ally has launched a jeanswear and sportswear brand under the mark GET LUCKY that is confusingly similar in all respects to genuine LUCKY BRAND jeanswear and sportswear. Defendant Ally's GET LUCKY jeanswear and sportswear products have caused consumer confusion as to its source and are likely to cause greater consumer confusion in the future.

48.    The GET LUCKY mark is substantially similar to the marks within the LUCKY Family of Marks and causes confusion when used in connection jeanswear and sportswear.

49.    Defendant Ally's jeanswear and sportswear products sold under the mark GET LUCKY are almost identical to genuine  LUCKY BRAND jeanswear and sportswear products.

50.    Defendant Ally is using the GET LUCKY mark on its jeanswear and sportswear products in a manner that is confusingly similar to the way Lucky Brand uses its LUCKY Family of Marks on genuine LUCKY BRAND Products.

51.    Defendant Ally has slavishly copied almost every design and style component of genuine LUCKY BRAND jeanswear and sportswear for its GET LUCKY jeanswear and sportswear products. In some cases, Defendant Ally has simply taken Lucky Brand's <u>exact</u> logos, designs and design concepts.

52.     Defendant Ally's GET LUCKY jeanswear and sportswear is intended for young men ages 15 to 35. This is one of Lucky Brand's key demographics.

53.     Upon information and belief, Defendant Ally is planning to release a line of GET LUCKY jeanswear and sportswear for young women within approximately the next six months. This is also one of Lucky Brand's key demographics.

54.     Defendant Ally sells GET LUCKY branded jeanswear, t-shirts and other sportswear and accessories in national department and specialty stores, many of which are the same stores that sell genuine LUCKY BRAND Products.

55.     Defendant Ally has begun advertising GET LUCKY jeanswear and sportwear in the national media.

56.     Defendant Ally advertises its GET LUCKY jeanswear and sportswear on the Internet on its official web site located at *www.getlucky.info*.

57.     Defendant Ally's Vice President for National Sales has admitted to an investigator for Plaintiffs posing as a prospective retail buyer that "consumers don't know the difference" between LUCKY BRAND and Ally's GET LUCKY products.

58.     Upon information and belief, Defendant Ally is using the GET LUCKY mark on jeanswear and sportswear under license from Defendant Marcel and/or Defendant Ezra Mizrachi.

59.     Defendant Ally's Get Lucky website states that Defendant Ally is the "official licensee of men's apparel and accessories" by Defendant Ezra Mizrachi.

60.     Defendant Marcel owns a trademark registration for GET LUCKY for apparel.

61.     Defendants Marcel and Ezra Mizrachi were aware of the LUCKY BRAND Products and the LUCKY Family of Marks at the time they licensed the GET LUCKY mark to Defendant Ally for use on jeanswear and sportswear for young men.

11

62.     Prior to this license, Defendants Marcel and Ezra Mizrachi have not used the GET LUCKY mark, or licensed to others the right to use the GET LUCKY mark, in a manner that would cause confusion with the LUCKY Family of Marks.

63.     Defendants Marcel and Ezra Mizrachi use the GET LUCKY mark on pant suits, blouses, dresses and related apparel, intended for value-driven, middle-aged women.

64.     Defendants Marcel and Ezra Mizrachi's most recent GET LUCKY catalog was designed to appeal to middle-aged women who are members of the "Red Hat Society," an organization which encourages "fun and frivolity" for women over 50 years of age.

65.     Defendants Marcel and Ezra Mizrachi do not market their GET LUCKY apparel products to department stores or mass retailers.

66.     Defendants Marcel and Ezra Mizrachi sell their GET LUCKY apparel products focuses on a niche markets such as casinos, hotels, hospitals, Indian reservations, theme parks, small specialty stores and catalogs.

67.     Defendants Marcel and Ezra Mizrachi do not market their GET LUCKY apparel products to the general public. They do not use print media, Internet television, or other forms of advertising to consumers or the general public. Rather, these GET LUCKY apparel products are marketed exclusively through trade shows.

68.     On May 20, 2003, the Defendant Marcel and Plaintiffs entered into a settlement agreement effectively settling and ending a prior trademark litigation.

69.     This settlement agreement is confidential and cannot be produced by Plaintiffs unless and until Plaintiffs receive Defendant Marcel's consent.

70.     Without divulging the terms of the settlement agreement, there is nothing in this agreement which would allow Defendants Marcel or Ezra Mizrachi to license the GET LUCKY mark to Defendant Ally for its infringing use on jeanswear and sportswear.

71.     Similarly, there is nothing in this settlement agreement which would release Defendant Marcel or any other Defendants from any of the acts complained of by Plaintiffs in the present action.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

72.     Plaintiffs reallege and incorporate by reference the allegations above.

73.     Defendants are producing, distributing, offering for sale, advertising and selling, and/ or licensing other to do the same, goods bearing marks that are confusingly similar to the marks within Plaintiffs' LUCKY Family of Marks and that are likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants Ally's and Key's goods are manufactured or distributed by Plaintiffs, or associated or connected with Plaintiffs, or have the sponsorship, endorsement, or approval of Plaintiffs.

74.     Defendants have used marks confusingly similar to Plaintiffs' federally registered marks in violation of 15 U.S.C. § 1114. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by the LUCKY Family of Marks. Plaintiffs have no adequate remedy at law for this injury.

75.     Defendants actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' LUCKY Family of Marks, to the great and irreparable detriment of Plaintiffs.

13

76.    By reason of Defendants' acts, Plaintiffs have suffered and continue to suffer damage to its business, reputation and goodwill, and the loss of sales and profits it would have made but for Defendants' acts, in an amount to be proven at trial.

77.    Plaintiffs are entitled to injunctive relief to enjoin this infringement and to recover Defendants' profits, Plaintiffs' damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

### SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

78.    Plaintiffs reallege and incorporate by reference the allegations above.

79.    Defendants' use of confusingly similar imitations of the marks within Plaintiffs' LUCKY Family of Marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are being manufactured, distributed or sold by Plaintiffs, or affiliated, connected, or associated with Plaintiffs or have the sponsorship, endorsement, or approval of Plaintiffs.

80.    Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, origin, sponsorship, or approval of Defendants' goods and commercial activities by, in violation of 15 U.S.C. § 1125(a).  Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by the LUCKY Family of Marks.  Plaintiffs have no adequate remedy at law for this injury.

81.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' LUCKY BRAND Family of Marks to the great and irreparable detriment of Plaintiffs.

14

82.    Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs.

83.    Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, Plaintiffs' actual damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

### THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution)

84.    Plaintiffs reallege and incorporate by reference the allegations above.

85.    Plaintiffs have extensively and continuously promoted and used the marks in its LUCKY Family of Marks throughout the United States and the marks therein have become famous and well-known symbols of Lucky Brand's goods and services.  Moreover, the marks within the LUCKY Family of Marks were famous before Defendants began offering for sale or selling jeanswear and sportswear bearing marks that dilute or are likely to dilute the distinctiveness of the marks within the LUCKY Family of Marks.

86.    Defendants are making commercial use of the marks within the LUCKY Family of Marks that dilute and are likely to dilute the distinctiveness of such marks by eroding the public's exclusive identification of those famous marks with Plaintiffs, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish goods and services.

87.    Defendants' actions demonstrate and intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' LUCKY Family of Marks and to cause the dilution of the marks within the LUCKY Family of Marks, to the great and irreparable injury of Plaintiffs.

88.     Defendants have caused and will continue to cause irreparable injury to Plaintiffs' goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiffs' famous and distinctive LUCKY Family of Marks in violation of 15 U.S.C. § 1125(c), and Plaintiffs therefore are entitled to injunctive relief and to Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116 and 1117.

## FOURTH CLAIM FOR RELIEF
### (New York General Business Law § 360(l))

89.     Plaintiffs reallege and incorporate by reference the allegations above.

90.     Defendants' illegal acts as previously described have caused damage to Plaintiffs by tarnishing Plaintiffs' valuable reputation and diluting or blurring the distinctiveness of the marks within their LUCKY Family of Marks in violation of New York General Business Law § 360(l).

91.     Plaintiffs do not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of jeanswear and sportswear bearing the GET LUCKY Mark unless this Court enjoins Defendants from such fraudulent business practices.

## FIFTH CLAIM FOR RELIEF
### (New York General Business Law § 349)

92.     Plaintiffs reallege and incorporate by reference the allegations above.

93.     Upon information and belief, Defendants, without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' well-known and prior rights in the LUCKY Family of Marks, have distributed, advertised, offered for sale and/or sold products employing marks confusingly similar to the LUCKY BRAND Marks to the consuming public in violation of New York General Business Law § 349.

94.     Defendants Ally's and Key's use of the GET LUCKY mark in a manner which is confusingly similar to the marks in the LUCKY Family of Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants Ally's and Key's products are associated with, or are otherwise authorized by Plaintiffs.

95.     Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

96.     Plaintiffs do not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of  such products unless this Court enjoins Defendants from such fraudulent business practices.

## SIXTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

97.     Plaintiffs reallege and incorporate by reference the allegations above.

98.     As a result of the experience, care, and service of Plaintiffs in producing and providing LUCKY BRAND Products, LUCKY BRAND Products have become widely known and have acquired a nationwide reputation for excellence.  Moreover, the LUCKY Family of Marks has become associated with Lucky Brand, and have come to symbolize the reputation for quality and excellence of Lucky Brand.

99.     Defendants' unauthorized use of marks confusingly similar to marks within the LUCKY Family of Marks is likely to and does permit Defendants Ally and Key to pass off their products to the general public as those originating with Plaintiffs all to the detriment of Plaintiffs and the unjust enrichment of Defendants. Such acts by Defendants have caused and continue to cause confusion as to the source and/or sponsorship of Defendants Ally's and Key's products.

100.    Defendant's acts constitute willful infringement of Plaintiffs' exclusive rights in and to the Marks within the LUCKY Family of Marks, in violation of the common law of the State of New York.

101.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages to its valuable LUCKY Family of Marks, and other damages in an amount to be proved at trial.

102.    Plaintiffs do not have an adequate remedy at law, and will continue to be damaged by Defendants' activitities unless this Court enjoins Defendants from such fraudulent business practices.

## SEVENTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

103.    Plaintiffs reallege and incorporate by reference the allegations above.

104.    As a result of the experience, care, and service of Plaintiffs in producing and providing the LUCKY BRAND Products, the LUCKY BRAND Products have become widely known and have acquired a worldwide reputation for excellence.  Moreover, the marks withiin the LUCKY Family of Marks have become associated with the LUCKY BRAND Products, and have come to symbolize the reputation for quality and excellence of the LUCKY BRAND Products.

105.    Defendants, with full knowledge of the fame of the LUCKY Family of Marks, intended to and did trade on the goodwill associated with the LUCKY Family of Marks.

106.    Defendants acts have and continue to mislead and deceive the public as to the source of Defendants Ally's and Key's products, permit and accomplish palming off of Defendants Ally's and Key's products as those of Plaintiffs, and falsely suggest a connection

with Plaintiffs. Therefore, Defendants have committed unfair competition in violation of the laws of the State of New York.

107.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages to their valuable LUCKY Family of Marks, and other damages in an amount to be proved at trial.

108.    Plaintiffs do not have an adequate remedy at law, and will continue to be damaged by Defendants' activities unless this Court enjoins Defendants from such fraudulent business practices.

**WHEREFORE, Plaintiffs Demand Judgment:**

1.    That Defendants, their officers, agents, servants, employees, affiliates, attorneys, and all persons acting for, with, by, through or under them be enjoined and restrained, at first preliminarily during the pendency of this action pursuant to Federal Rule of Civil Procedure 65 and § 34 of the Lanham Act and, thereafter, permanently:

(a)    from using in any manner the marks within Plaintiffs' LUCKY Family of Marks, alone or in with any word or words which so resemble each said trademark as to be likely to cause confusion, deception or mistake on or in connection with the manufacture, distribution, advertising, offering for sale or sale of any product not originating with Plaintiffs, or not authorized by Plaintiffs to be sold in connection with each of the Plaintiffs' LUCKY Family of Marks;

(b)    from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Plaintiffs that are not Plaintiffs' or not produced under the control and supervision of Plaintiffs and approved by Plaintiffs for sale under the marks within Plaintiffs' LUCKY Family of Marks;

(c)    from committing any acts calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Plaintiffs, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs;

(d)    from further diluting and infringing the marks within Plaintiffs' LUCKY Family of Marks and damaging Plaintiffs goodwill; and

(e)    from otherwise competing unfairly with Plaintiffs' in any manner.

2.  That Defendants account for and pay to Plaintiffs the profits realized by Defendants by reason of Defendants' unlawful acts herein alleged in an amount to be proven at trial;

3.  That Plaintiffs be awarded actual damages in an amount to be proven at trial;

4.  That Plaintiffs be awarded exemplary and punitive damages sufficient to punish Defendants for their malicious and intentional infringement and to deter similar misconduct by Defendants and other in an amount to be proven at trial;

5.  That Plaintiffs be awarded all costs of their investigation and prosecution of this action, including reasonable investigators' and attorneys' fees;

6.  That Plaintiffs be awarded such other and further relief as the Court may deem just, proper, and equitable.

Dated: New York, New York          GREENBERG TRAURIG, LLP
       July 27, 2005               Attorneys for Plaintiffs
                                   Lucky Brand Dungarees, Inc.
                                   and Liz Claiborne, Inc.

                           By: _____

                                   Harley I. Lewin, Esq. (HL 1819)
                                   Scott Gelin, Esq. (SG 9599)
                                   200 Park Avenue
                                   New York, New York 10166
                                   Tel:  (212) 801-9200
                                   Fax:  (212) 801-6400