Harley I. Lewin (HL 1819)
Scott Gelin (SG 9599)
GREENBERG TRAURIG, LLP
200 Park Avenue, 34th Floor
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Plaintiffs Lucky Brand Dungarees, Inc. and Liz Claiborne, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCKY BRAND DUNGAREES, INC.; <br> LIZ CLAIBORNE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALLY APPAREL RESOURCES LLC d/b/a <br> GET LUCKY, KEY APPAREL <br> RESOURCES, LTD., MARCEL FASHION <br> GROUP, INC. and EZRA MIZRACHI, <br><br><br> Defendants. | JUDGE SWAIN <br><br> **05 CV 6757** <br><br> Civil Action No. _____ |

RECEIVED
JUL 27 2005
U.S.D.C. S.D. N.Y.
CASHIERS

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR A PRELIMINARY INJUNCTION**

# Table of Contents

Pages

PRELIMINARY STATEMENT ............................................................................................. 3

STATEMENT OF FACTS ................................................................................................... 6

A.   The Parties ............................................................................................................... 6

B.   Ally's Infringement of Lucky Brand's LUCKY Family of Marks ......................................... 7

   1.   Overview of Lucky Brand and Its LUCKY Family of Trademarks ................................... 8

   2.   Ally's GET LUCKY Product Designs Imitate Every
      Aspect of LUCKY BRAND ..................................................................................... 12

   3.   Ally's GET LUCKY Jeanswear Is Targeting the Same Markets,
      Demographics and Channels of Trade as LUCKY BRAND ........................................... 17

   4.   Ally's Infringement of Lucky Brand is Intentional .................................................... 21

   5.   Examples of Actual Confusion Between LUCKY BRAND
      and GET LUCKY ................................................................................................. 22

C.   Ally's GET LUCKY Jeanswear And Sportswear Brand
     Is Completely Different from Marcel's GET LUCKY Womenswear Brand ......................... 24

ARGUMENT ................................................................................................................. 29

A.   Standard for Preliminary Injunction ............................................................................ 30

B.   Plaintiffs Are Irreparably Harmed by Defendants' Conduct ............................................ 32

C.   There Is a Substantial Likelihood that Plaintiffs Will Prevail
     on the Merits of Their Claims for Trademark Infringement .............................................. 33

   1.   Lucky Brand's LUCKY Family of Marks are Valid and Protectable ............................... 33

   2.   Consumers Are Likely to Be Confused as to the Source
      of Ally's GET LUCKY Products ............................................................................. 34

D.   Defendants Marcel and Ezra Mizrachi Are Liable for
     Infringing the LUCKY Family of Marks ........................................................................ 50

E.   Defendants May Not Use the GET LUCKY Mark to
     Encroach on Lucky Brand's Market ............................................................................. 50

F.   The Balance of Hardships Favors Plaintiffs .................................................................. 52

G.   Granting a Preliminary Injunction Is in The Public's Interest ........................................... 54

CONCLUSION .............................................................................................................. 56

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Banff, Ltd. v Federated Dep't Stores*,
  841 F.2d 486 (2d Cir. 1988). .......................................................35, 41

*Beer Nuts, Inc. v. Clover Club Foods Co.*,
  805 F.2d 920 (10th Cir. 1986).........................................44, 45, 51, 52

*Blue & White Food Prods. Corp. v. Shamir Food Indus., Ltd.*,
  350 F. Supp. 2d 514 (S.D.N.Y. 2004)...................................31, 32, 33, 55

*Church of Scientology Int'l. v. Elmira Mission of the Church of Scientology*,
  794 F.2d 38 (2d Cir. 1986)..........................................................31, 55

*Coach Leatherware Co, Inc. v. Ann Taylor, Inc.*,
  933 F.2d 162 (2d Cir. 1991).............................................................47

*Coca-Cola Co. v. Tropicana Prods., Inc.*,
  690 F.2d 312 (2d Cir. 1982).............................................................32

*1-800 Contacts, Inc. v. WhenU.com*,
  309 F. Supp. 2d 467 (S.D.N.Y. 2003) ..........................................34, 35, 37

*Corning Glass Works v. Jeanette Glass Co.*,
  308 F. Supp. 1321, 1328 (S.D.N.Y.), *aff'd*,
  432 F.2d 784 (2d Cir. 1970)............................................................53

*Cullman Ventures, Inc. v. Columbian Art Works, Inc.*,
  717 F. Supp. 96 (S.D.N.Y. 1989).................................................*passim*

*Dallas Cowboys Cheerleaders v. Pussycat Cinema, Ltd.* et al.,
  604 F.2d 200 (2d Cir. 1979)........................................31, 32, 34, 55

*Dawn Donut Co. v. Hart's Food Stores, Inc.*,
  267 F.2d 358 (2d Cir. 1959).......................................................50

*El Greco Leather Prods. Co. v. Shoe World, Inc.*,
  806 F.2d 392 (2d Cir. 1986), *cert. denied*, 484 U.S. 817 (1987)...................31

*Firma Melodiya v. ZYX Music GmbH*,
  882 F. Supp. 1306 (S.D.N.Y. 1995)...............................................*passim*

Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.,
    25 F.3d 119 (2d Cir. 1994)............................................................31

Fuddruckers v. Doc's B.R. Others, Inc.,
    4 U.S.P.Q. 2d 1026 (9th Cir. 1987)..............................................43

Getty Petroleum Corp. v. Bartco Petroleum Corp.,
    858 F.2d 103 (2d Cir. 1988)........................................................54

Grotian, et al. v. Steinway & Sons,
    523 F2d. 1331 (2d Cir. 1975)......................................................39

Gucci Am., Inc. v. Action Activewear, Inc.,
    759 F. Supp. 1060 (S.D.N.Y. 1991)............................................44

Guinness United Distillers & Vintners B.V. v. Anheuser-Busch, Inc.,
    No. 02 Civ. 0861 (LMM), 2002 WL 1543817 3
    (S.D.N.Y. July 12, 2002)...........................................................35

Hermes Int'l v. Lederer de Paris Fifth Ave, Inc.,
    219 F.3d 104 (2d Cir. 2000)..................................................40, 49

Hills Bros. Coffee, Inc. v. Hills Supermarkets, Inc.,
    428 F.2d 379 (2d Cir. 1970).......................................................32

Home Box Office, Inc. v. Showtime/Movie Channel, Inc.,
    832 F.2d 1311 (2d Cir. 1987) ....................................................33

Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,
    456 U.S. 844 (1982)..................................................................54

Invicta Plastics (USA) Ltd. v. Mego Corp.,
    523 F. Supp. 619 (S.D.N.Y. 1981)..............................................43

Jordache Enter. V. Levi Strauss & Co.,
    841 F. Supp. 506 (S.D.N.Y. 1993)..............................................38

King v. Innovation Books,
    976 F.2d 824 (2d Cir. 1992).......................................................32

Lesportsac, Inc. v. K-Mart Corp.,
    754 F.2d 71 (2d Cir. 1985).........................................................53

Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.
    631 F. Supp. 735 (S.D.N.Y. 1985)........................................40, 48

*Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*
    799 F.2d 867 (2d Cir. 1986)...................................................................*passim*

*McGregor-Doniger, Inc. v. Drizzle, Inc.,*
    599 F. 2d 1126 (2d Cir. 1979)...........................................................................51

*Mobil Oil Corp. v. Pegasus Petroleum Corp,*
    818 F.2d 254 (2d Cir 1987) ...........................................................*passim*

*Morningside Group Ltd. v. Morningside Capital Group, L.L.C.,*
    182 F.3d 133 (2d Cir. 1999)............................................................................46

*Mushroom Makers, Inc. v. R.G. Barry Corp.,*
    580 F.2d 44 (2d Cir. 1978).............................................................................34

*Paco Rabanne Parfums, S.A. v. Norco Enterps.,*
    680 F.2d 891 (2d Cir. 1982)...........................................................................32

*Paco Sport, Ltd., v. Paco Rabanne Parfums,*
    86 F. Supp. 2d 305 (S.D.N.Y. 2000)...........................................................41

*Paddington Corp. v. Attiki Importers & Distribs., Inc.,*
    996 F.2d 577 (2d Cir. 1993...........................................................................29

*Patsy's Brand, Inc., v. I.O.B. Realty, Inc.,*
    Civ. No. 99-10175 (JSM), 2001 WL 170672
    (S.D.N.Y. Feb. 21, 2001).................................................................42, 44, 51

*Polaroid Corp. v. Polarad Elec. Corp.,*
    287 F.2d 492 (2d Cir.), *cert. denied*, 368 U.S. 820 (1961)..........................35

*Polymer Tech.. v. Mimran,*
    975 F.2d 58 (2d Cir. 1992).............................................................................31

*Pony Int'l, Inc v. Genfoot Am., Inc.,*
    223 U.S.P.Q. 1150 (S.D.N.Y. 1983).............................................................50

*Power Test Petroleum Distribs., Inc. v. Calcu Gas, Inc.,*
    754 F.2d 91 (2d Cir. 1985).............................................................................32

*Resource Dev., Inc. v. Statute of Liberty-Ellis Island Found., Inc.,*
    926 F.3d 134 (2d Cir. 1991)..........................................................................43

*Samara Bros. Inc. v. Wal-Mart Stores Inc.,*
    165 F.3d 120 (2d Cir. 1998) *rev'd on other grounds,*
    529 U.S. 205 (2000)................................................................................29, 44

*Stix Prods., Inc. v. United Merchants & Mfrs. Inc,*
  295 F. Supp. 479 (2d Cir. 1968)................................................................50

*Syntex Laboratories, Inc.  v. Norwich Pharmacal Co.,*
  315 F. Supp. 45 (S.D.N.Y 1970) *aff'd,* 437 F.2d 566 (2d Cir. 1971)..............53

*TCPIP Holdings Co. v. Haar Comms.,*
  244 F.3d 88 (2d Cir. 2001)......................................................................36

*The Morningside Group Limited, v. Morningside Capital Group, LLC.,*
  182 F.3d 133 (2d Cir. 1999).....................................................................37

*Time, Inc. v. Petersen Pub.l'g Co.,*
  173 F.3d 113 (2d Cir. 1999)......................................................................33

*Tom Doherty Assoc., Inc., v. Saban Entm't, Inc.*
  60 F.3d 27 (2d Cir. 1995).........................................................................31

*Virgin Enter. Ltd. v. Nawab,*
  335 F.3d 141 (2d Cir. 2003)...........................................................*passim*

*Warner Bros., Inc. v. American Broad. Cos.,*
  720 F.2d 231 (2d Cir. 1983)......................................................................43

*Warner Bros., Inc. v. Gay Toys, Inc.,*
  658 F.2d 76 (2d Cir. 1981)....................................................................31, 55

*Wesley-Jessen Div. of Schering Corp. v. Bausch & Lomb, Inc.,*
  698 F.2d 862 (7th Cir. 1983).....................................................................31

*Westchester Media Co. v. PRL USA Holdings, Inc.,*
  103 F. Supp. 2d 935 (S.D. Tex. 1999),
  *aff'd* 214 F.3d 658 (5th Cir. 2000).........................................................44

*Westchester Media v. PRL USA Holdings, Inc.,*
  214 F.3d 658 (5th  Cir. 2000)............................................................50, 51

## STATUTES

Fed. R. Civ. P. 65(a)............................................................................2

15 U.S.C. § 1051(b).............................................................................30

15 U.S.C. § 1057(b).............................................................................34

15 U.S.C. § 1114(1)(a)……………………………………………………… 33

15 U.S.C. § 1115(a)……………………………………………………………...34

15 U.S.C. § 1116………………………………………………………...2, 30, 31

## OTHER AUTHORITIES

4 *J. McCarthy, Trademarks and Unfair Competition,* § 24:15…………………………46

Harley I. Lewin (HL 1819)
Scott Gelin (SG 9599)
GREENBERG TRAURIG, LLP
200 Park Avenue, 34th Floor
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Plaintiffs Lucky Brand Dungarees, Inc. and Liz Claiborne, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCKY BRAND DUNGAREES, INC.;<br>LIZ CLAIBORNE, INC.,<br><br>              Plaintiffs,<br><br>                   v.<br><br>ALLY APPAREL RESOURCES LLC d/b/a<br>GET LUCKY, KEY APPAREL<br>RESOURCES, LTD., MARCEL FASHION<br>GROUP, INC. and EZRA MIZRACHI,<br><br><br>              Defendants. | Civil Action No. _____ |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION

Plaintiffs Lucky Brand Dungarees, Inc. and its parent corporation Liz Claiborne, Inc. (collectively, "Lucky Brand" or "Plaintiffs") respectfully submit this Memorandum in Support of Their Motion for a Preliminary Injunction, pursuant to Fed. R. Civ. P. 65(a), to halt the unlawful and intentional trademark infringement and unfair competition in violation of 15 U.S.C. §§ 1116 and 1125(a) by Defendants Ally Apparel Resources LLC d/b/a Get Lucky ("Ally"), Key Apparel Resources, Ltd., ("Key"), Marcel Fashion Group, Inc. ("Marcel") and Ezra Mizrachi (collectively, "Defendants").

2

## PRELIMINARY STATEMENT

Lucky Brand is one of America's most recognized and respected jeanswear and sportswear brands. Lucky Brand is well known for its premium quality and uniquely-styled denimwear, apparel and accessories.

In less than 15 years, Lucky Brand has cultivated widespread consumer awareness of its clothing through a combination of distinctive marketing and advertising and the registration and use of dozens of trademarks for variations of LUCKY, LUCKY BRAND and Lucky Brand's clover symbol, establishing a LUCKY Family of Marks. A large part of Lucky Brand's distinctiveness and appeal is its fanciful and humorous references to "luck" and "fortune" and its incorporation of the marks in its LUCKY Family of Marks into its clothing designs. While Lucky Brand has great appeal across a wide segment of the consuming public, its largest demographic of customers is brand-conscious, hip men and women ages 15 to 35. Lucky Brand is sold throughout the United States in higher-end department stores, in specialty stores, in its own Lucky Brand retail stores and online on its official website. Since its inception, Lucky Brand has sold well over one billion dollars of LUCKY BRAND jeanswear and sportswear bearing marks from its LUCKY Family of Marks.

Lucky Brand recently learned that Defendant Ally and its alter-ego Defendant Key have launched a jeanswear and sportswear brand under the mark GET LUCKY. This new clothing line intentionally infringes the LUCKY Family of Marks and imitates every aspect of Lucky Brand's clothing design, marketing, customer demographics and channels of trade. The GET LUCKY mark is incorporated extensively, along with fanciful and humorous references to "luck" and "fortune" into the designs of GET LUCKY jeanswear and sportswear and in exactly the same manner as Lucky Brand. Indeed, many of the GET LUCKY logos, insignia and clothing designs are virtually identical to Lucky Brand's designs.

3

GET LUCKY jeanswear and sportswear is intended for hip, brand-conscious young men ages 15 to 35, which is Lucky Brand's key men's demographic. GET LUCKY jeanswear and sportswear is being sold in many of the same stores where LUCKY BRAND jeanswear and sportswear is sold. Ally has begun to advertise GET LUCKY jeanswear and sportswear in national print media and on the Internet, targeting the same markets as Lucky Brand.

The similarities between all of these aspects of GET LUCKY and LUCKY BRAND jeanswear and sportswear make it almost a certainty that consumers will mistakenly believe that GET LUCKY jeanswear and sportswear is being put out by Lucky Brand or with Lucky Brand's sponsorship or approval. This confusion is no accident. Ally's intention to capitalize on Lucky Brand's success and goodwill was laid bare when Ally's Vice President for National Sales recently told an investigator posing as a prospective retail buyer that "consumers don't know the difference" between LUCKY BRAND and GET LUCKY jeanswear and sportswear. Indeed, Lucky Brand has already discovered specific instances of confusion by consumers and even by retailers. Ally is using this confusion to free-ride on the enormous goodwill that Lucky Brand has built up in its LUCKY Family of Marks.

The law in the Second Circuit is clear that when intentional infringement is shown, as it is here, the burden then shifts to the defendant to show that there is no likelihood of consumer confusion. Given the great similarities between LUCKY BRAND and GET LUCKY jeanswear and sportswear, this is a burden Ally cannot possibly meet. Ally's infringement of the LUCKY Family of Marks is causing irreparable harm to Lucky Brand. The Court should not hesitate to enjoin Ally's use of the GET LUCKY mark in this manner.

Ally appears to be operating under the auspices of a trademark license from Defendant Ezra Mizrachi, who is the founder and president of Defendant Marcel Fashion Group, Inc.

4

While there is no question that Marcel owns a trademark registration for GET LUCKY for apparel, Marcel has always used this mark on an altogether different type of apparel for an altogether different market than Ally's current use on jeanswear and sportswear. Marcel, until now, has not used the GET LUCKY mark in a way that would cause confusion with Lucky Brand's marks. In fact, Marcel and Lucky Brand entered into a settlement in 2003, prior to Marcel's license to Ally, implicitly agreeing that the two marks, as used, caused no confusion. The GET LUCKY mark as used by Marcel is an obscure mark that is used on pant suits, dresses, blouses and similar apparel and marketed to middle-aged, value-driven women. Marcel uses the GET LUCKY mark only on the tag inside the clothing and does not incorporate the GET LUCKY mark into its clothing designs. Marcel sells GET LUCKY apparel in small quantities to niche markets such as hospitals, theme parks, casinos and Indian reservations, and not in any of the same stores as Lucky Brand. Marcel does no marketing or advertising for its GET LUCKY apparel outside of trade shows and has no Internet presence. Whatever limited goodwill Marcel has in its GET LUCKY mark is not being transferred to Ally because Ally is using the GET LUCKY mark for a completely different product in a completely different market. The goodwill that Ally is seeking to benefit from in its jeanswear and sportswear line is Lucky Brand's goodwill and not that of Marcel or Ezra Mizrachi. Defendants are using Marcel's GET LUCKY trademark registration as a smoke screen, an attempt to legitimize an otherwise illegal use. Why else would Ally obtain the license to use this virtually unknown mark in a completely different market other than as an attempt to justify its infringement of Lucky Brand's LUCKY Family of Marks?

But the law in the Second Circuit and many other jurisdictions is clear that a mark owner may not use its trademark to encroach another trademark owner's products and markets in a way

that would cause confusion. This is especially true when this encroaching mark owner is acting in bad faith, as Defendants are here, in an attempt to capitalize on the goodwill surrounding the other trademark. Marcel and Ezra Mizrachi may not grant a trademark license to a third party for a use that they themselves would not be entitled to. Nothing in Marcel's settlement agreement with Lucky Brand gives Marcel or Ezra Mizrachi the right to infringe Lucky Brand's LUCKY Family of Marks or to encroach on Lucky Brand's market for jeanswear and sportswear. The Court should enjoin Defendants Marcel and Ezra Mizrachi from licensing to Defendants Ally and Key the use of the GET LUCKY mark in an infringing manner.

## STATEMENT OF FACTS

**A.    The Parties**

Plaintiff Lucky Brand Dungarees, Inc., headquartered in 5233 Alcoa Ave., Vernon, CA, 90058 is a leading manufacturer and marketer of high-quality jeanswear and apparel products under the marks in its LUCKY Family of Marks. Plaintiff Liz Claiborne, Inc. is the parent corporation of Lucky Brand and is located at 1 Claiborne Ave., North Bergen, NJ 07047.

Defendant Ally Resources Apparel LLC d/b/a Get Lucky is a New York limited liability corporation located at 1400 Broadway #803, New York, NY 10018.[1] Defendant Key Apparel Resource LLC is also located at 1400 Broadway #803, New York, NY 10018.[2] Upon information and belief, Defendants Ally and Key are alter-ego entities, both doing business as "Get Lucky."[3] According to its website, Ally is operating under a license from Defendant Ezra Mizrachi to sell GET LUCKY jeanswear and sportswear.

Defendant Marcel Fashion Group, Inc., located at 375 NW 23rd Street, Miami, FL 33127 produces and sells apparel such as pant sets, dresses and blouses intended for middle-aged,

---

[1] Lankford Decl. ¶11. Exhibit B.
[2] Id.
[3] McCarthy Decl. ¶3.

value-driven women under a variety of brand names, including the mark GET LUCKY. Defendant Ezra Mizrachi, upon information and belief, is the founder of Marcel and is an individual residing at 10374 Boca Entrada Blvd., Boca Raton, FL 33428.

**B.   Ally's Infringement of Lucky Brand's LUCKY Family of Marks**

Lucky Brand recently learned that Defendants Ally and its alter-ego Key (collectively "Ally"), doing business under the name "Get Lucky," have launched a jeanswear and sportswear brand called GET LUCKY. Ally's GET LUCKY brand intentionally imitates every aspect of Lucky Brand's trademarks, product designs, customer demographics, channels of trade, advertising and marketing.

The following chart summarizes similarities between LUCKY BRAND and Ally's GET LUCKY jeanswear and sportswear:

| Comparisons between LUCKY BRAND and Ally's GET LUCKY | | |
|---|---|---|
| | **LUCKY BRAND** | **Ally's GET LUCKY** |
| Products | Jeanswear and Sportswear Branded Heavily with the LUCKY Family of Marks | Jeanswear and Sportswear Branded Heavily with the GET LUCKY Mark |
| Target Demographics | Hip, Brand-Conscious Men and Women Ages 15-35 | Hip, Brand-Conscious Men Ages 15-35 |
| Channels of Trade | Department Stores, Specialty Stores, Lucky Brand Retail Stores and Online | Department Stores and Specialty Stores |
| Advertising/Marketing | National Print Media, Online, and Sponsoring Youth-Oriented Events | National Print Media, Online, and Sponsoring Youth-Oriented Events |

1.     **Overview of Lucky Brand and Its LUCKY Family of Trademarks**

Lucky Brand Dungarees, Inc., is a leading manufacturer and marketer of high-quality jeanswear and sportswear.[4] Established in 1991, Lucky Brand is the brainchild of founders Gene Montesano and Barry Perlman, and in less than 15 years has become a significant presence in the jeanswear, apparel and accessories market.[5] Since its inception, Lucky Brand has sold more than a billion dollars worth of its LUCKY BRAND Products throughout the United States.[6] In 2004, total sales of LUCKY BRAND Products were 226 million dollars. Lucky Brand estimates that in 2005, total sales of LUCKY BRAND Products will be approximately 282 million dollars.[7]

Since 1991, Lucky Brand, and its predecessors-in-interest and associated companies, have been using marks within the LUCKY Family of Marks in connection with the manufacture, distribution, advertising, marketing and retail sale of jeanswear, sportswear and accessories, including, *inter alia*, jeans, wovens, knitwear, dresses, jackets, headwear, t-shirts, underwear, bathing suits, sunglasses, belts, fragrances and toiletries (the "LUCKY BRAND Products") in interstate, intrastate and foreign commerce.[8]

Lucky Brand is the owner of *inter alia*, the entire right, title and interest in and to the following federally registered and/or applied for trademarks, the vast majority of which contain "LUCKY," "LUCKY BRAND" or the symbol of a clover (collectively, the "LUCKY Family of Marks"):[9]

| UNITED STATES REG. or APP. NO. | MARK | REGISTRATION or FILING DATE |
|---|---|---|
| 2306327 | BE LUCKY | Jan. 4, 2004 |
| 2400358 | Clover design | Oct. 31, 2000 |
| 2698194 | Clover design | Mar. 18, 2003 |

[4] Hennisch Decl. ¶5.
[5] Hennisch Decl. ¶6.
[6] Hennisch Decl. ¶8.
[7] Hennisch Decl. ¶9.
[8] Bolmarcich Decl. ¶3.
[9] Bolmarcich Decl. ¶4. Exhibit A.

| 1886118 | Fly design | Mar. 28, 1995 |
|---|---|---|
| 2050091 | Fly design | Apr. 8, 1997 |
| 2381638 | LUCKY and design | Aug. 29, 2000 |
| 2903532 | LUCKY BABY | Nov. 16, 2004 |
| 1646123 | LUCKY BRAND | May 28, 1991 |
| 2330052 | LUCKY BRAND | Mar. 14, 2000 |
| 2655004 | LUCKY BRAND | Nov. 26, 2002 |
| 2725491 | LUCKY BRAND | June 10, 2003 |
| 2756608 | LUCKY BRAND | Aug. 26, 2003 |
| 2795162 | LUCKY BRAND | Dec. 16, 2003 |
| 2846556 | LUCKY BRAND | May 25, 2004 |
| 2795162 | LUCKY BRAND | June 20, 2000 |
| 78/188343 | LUCKY BRAND | Nov. 24, 2002 |
| 75/924261 | LUCKY BRAND | Feb. 22, 2000 |
| 2883694 | LUCKY BRAND and design | Sept. 14, 2004 |
| 78/185130 | LUCKY BRAND BABY | Nov. 14, 2002 |
| 2703123 | LUCKY BRAND BLUE JEANS | Apr. 1, 2003 |
| 78/185140 | LUCKY BRAND BOYS | Nov. 14, 2002 |
| 2686829 | LUCKY BRAND DUNGAREES | Feb. 11, 2003 |
| 2936774 | LUCKY BRAND DUNGAREES | Mar. 29, 2005 |
| 78/321365 | LUCKY BRAND DUNGAREES and design | Oct. 31, 2003 |
| 76/513511 | LUCKY BRAND DUNGAREES BY GENE MONTESANO and design | May 12, 2003 |
| 2158107 | LUCKY BRAND DUNGAREES OF AMERICA TOO TOUGH TO DIE | May 19, 1998 |
| 2888374 | LUCKY BRAND TRADE MARK LUCKY BRAND BATHING SUITS and design | Sept. 28, 2004 |
| 78/513557 | LUCKY BRAND JEANS | Nov. 9, 2004 |
| 2931758 | LUCKY DREAMS | Mar. 8, 2005 |
| 78/251335 | LUCKY GIRLS | May 19, 2003 |
| 2469997 | LUCKY ME | July 17, 2001 |
| 2875690 | LUCKY NIGHTS | Aug. 17, 2004 |
| 78/501574 | LUCKY SOUL | Oct. 18, 2004 |
| 2861488 | LUCKY SOUNDS | July 6, 2004 |
| 1739962 | LUCKY YOU | Dec. 15, 1992 |
| 1886118 | LUCKY YOU | Mar. 29, 1994 |
| 2306342 | LUCKY YOU | Jan. 4, 2000 |
| 78/243892 | LUCKY YOU | Apr. 30, 2003 |
| 2583368 | LUCKY YOU LUCKY BRAND | June 18, 2002 |
| 2724936 | LUCKY YOU LUCKY BRAND (stylized) | June 10, 2003 |
| 2698314 | LUCKY YOU LUCKY BRAND and design | Mar. 18, 2003 |
| 2857464 | LUCKYBRANDJEANS.COM | June 26, 2004 |
| 2646076 | LUCKYVILLE | Nov. 5, 2002 |

| 2353248 | LUCKYVILLE | Sept. 28, 1999 |
| 2598783 | LUCKYVILLE | July 23, 2002 |
| 75/117852 | Clover pocket design | Jan. 20, 1998 |
| 78/264920 | PRIDE & JOY | June 20, 2003 |
| 78/397613 | RN#80318 | Apr. 7, 2004 |
| 78/260803 | SNAPPY GO LUCKY | June 11, 2003 |
| 2271432 | THE LUCKY BRAND FOUNDATION MAKING A DIFFERENCE NOW | Aug. 24, 1999 |
| 2474549 | TRIPLE XXX DUNGAREES | July 31, 2001 |
| 2319618 | TRIPLE XXX DUNGAREES | Feb. 15, 2000 |
| 2383437 | WEAR US BE LUCKY and design | Sept. 5, 2000 |
| 2113726 | Clover zipper design | Nov. 18, 1997 |

All of the registrations set forth above are valid, subsisting, unrevoked and uncancelled, and many are incontestable.[10]   The registrations of these marks constitute *prima facie* evidence of their validity and conclusive evidence of Lucky Brand's exclusive right to use its LUCKY Family of Marks in commerce in connection with the LUCKY BRAND Products and commercially related goods and services.  The registration of marks within the LUCKY Family of Marks also constitutes constructive notice to Defendants and third parties of Lucky Brand's ownership and exclusive rights in and to the marks in its LUCKY Family of Marks.[11]   The marks within the LUCKY Family of Marks are highly distinctive and arbitrary.[12]  Lucky Brand is also the owner of the trade names "Lucky Brand," "Lucky Jeans" and "Lucky" which have all been used to identify LUCKY BRAND Products in the United States.[13]

The marks within the LUCKY Family of Marks are highly visible as symbols of quality and status.[14]  Lucky Brand has widely promoted its LUCKY Family of Marks in connection with the production and sale of its LUCKY BRAND Products in the United States.[15]  The general consuming public, actual and potential customers, and the fashion and apparel industry have

---

[10] Bolmarcich Decl. ¶5.  Exhibit A.
[11] Bolmarcich Decl. ¶5.
[12] Bolmarcich Decl. ¶6.
[13] Bolmarcich Decl. ¶7.
[14] Bolmarcich Decl. ¶9.
[15] Bolmarcich Decl. ¶10.

come to recognize products bearing marks in the LUCKY Family of Marks as originating exclusively with Lucky Brand and have come to associate the LUCKY Family of Marks with high-quality jeanswear and sportswear possessing exceptional style, fit and durability.[16]  Lucky Brand displays one or more marks from its LUCKY Family of Marks, in its advertising, marketing and promotional materials.[17]   LUCKY BRAND Products are easily recognized because a vast majority of these products prominently display one of more marks from its LUCKY Family of Marks incorporated into the product designs themselves.[18]  The following are examples of this:



| **LUCKY BRAND ADVERTISEMENT** | **LUCKY BRAND T-SHIRT** |



**LUCKY BRAND BELT BUCKLE**

---

[16] Id.
[17] Bolmarcich Decl. ¶11.  Exhibit B.
[18] Bolmarcich Decl. ¶12.  Exhibits C.

Lucky Brand maintains strict quality control standards. All genuine LUCKY BRAND Products are inspected and approved by Lucky Brand or its agents or licensees prior to distribution and sale in order to ensure top quality to the consumer.[19]

As a result of Lucky Brand's extensive promotion, advertising and sales, as well as the high-quality LUCKY BRAND Products manufactured, distributed, and sold bearing one or more marks from the LUCKY Family of Marks, Lucky Brand has achieved an outstanding reputation in the jeanswear and sportswear market. Moreover, the LUCKY Family of Marks has come to symbolize the enormous goodwill toward Lucky Brand throughout the United States.[20]

### 2. Ally's GET LUCKY Product Designs Imitate Every Aspect of LUCKY BRAND

Like all LUCKY BRAND Products, every LUCKY BRAND menswear garment is branded as such and bears one or more marks from the LUCKY Family of Marks.[21] Lucky Brand's style and designs for men reflect an authentic, youthful sensibility. LUCKY BRAND jeanswear and sportswear for men can be characterized as authentic, vintage, irreverent, humorous, American, rugged and masculine. There is signature detailing and styling that are inherent to the brand from retro-American influences such as workwear, sport, bowling and Western heritage. Lucky Brand Executive Vice President Amy Hennisch describes Lucky Brand's male customer as follows: "The man who wears Lucky Brand jeans is interested in high quality, timeless products and understands and appreciates attention to detail, quality fabrics and garment construction, superior fits and a unique look. He is brand conscious, but not a slave to fashion-instead opting for a timeless, cool look."[22]

---

[19] Bolmarcich Decl. ¶8.
[20] Bolmarcich Decl. ¶13.
[21] Hennisch Decl. ¶24.
[22] Hennisch Decl. ¶28.

12

One of the key style components of LUCKY BRAND jeanswear and sportswear is the incorporation of the trademarks LUCKY, LUCKY BRAND, the clover symbol and other marks from the LUCKY Family of Marks into the clothing designs themselves.[23]   Lucky Brand's designers strive to use these trademarks so that they blend seamlessly into the clothing designs.[24] The result is often humorous and unique and is one of the ways Lucky Brand has achieved such notoriety in a relatively short period of time.  In addition to this incorporation of the LUCKY Family of Marks, some of the themes that Lucky Brand uses prominently on its jeanswear and sportswear designs are: fake vintage ads, Western looks, gothic symbols and symbols of retro-Americana.

Ally's GET LUCKY brand slavishly copies every design and style aspect of genuine LUCKY BRAND jeanswear and sportswear.  In some cases, Ally has simply taken Lucky Brand's exact logos, designs and design concepts.

As described above, one of the key design components of LUCKY BRAND jeanswear and sportswear is the incorporation of the LUCKY Family of Marks into the clothing designs themselves.  Lucky Brand uses its LUCKY, LUCKY BRAND and the clover symbol marks as the prominent design feature in approximately 75% of its men's t-shirts.  LUCKY BRAND t-shirts sold in department stores and specialty stores typically display LUCKY BRAND or LUCKY as a prominent design element in order to distinguish these products from the other brands being sold.  Similarly, almost every one of the GET LUCKY t-shirts Ally is selling incorporates the GET LUCKY mark as its prominent design feature, and in the exact same manner as Lucky Brand.[25]

---

[23] Hennisch Decl. ¶25.
[24] Hennisch Decl. ¶28.
[25] Hennisch Decl. ¶31.  Exhibit E.

13

Lucky Brand displays the LUCKY BRAND mark and its other marks on t-shirts and other apparel in different logo fonts and graphic styles. One LUCKY BRAND logo style that Lucky Brand uses extensively is a block-letter font sandwiched between two parallel wavy lines.[26] As shown below, Ally has copied this logo design almost exactly. Ally uses this copied logo design extensively on GET LUCKY jeans, t-shirts and other knit shirts as well as on its website.



**LUCKY BRAND LOGO**



**GET LUCKY LOGO**

Another common LUCKY BRAND logo style for t-shirts jeanswear and elsewhere is a gothic-looking font.[27] As shown below, Ally has copied this logo design almost exactly. Ally uses this copied logo design extensively on GET LUCKY t-shirts and other knit shirts.[28]



**LUCKY BRAND LOGO**



**GET LUCKY LOGO**

Another way Lucky Brand often incorporates its marks into its t-shirt designs is by creating fake, retro-American vintage advertisements featuring the LUCKY Family of Marks as a focal point. This use is often a play on the word "lucky" itself. These fake ads are often humorous or irreverent. Examples of such retro-style ads are "Lucky Lodge: Known for Good Fortune," "Lucky's Rod Shop" and "Lucky's Custom Body Shop."[29]

---

[26] Hennisch Decl. ¶32. Exhibit F.
[27] Hennisch Decl. ¶32. Exhibit G.
[28] Lankford Decl. ¶18. Exhibit G.
[29] Hennisch Decl. ¶33. Exhibit H.

Ally has taken this exact same style concept and sells t-shirts with fake, retro-American vintage advertisements featuring GET LUCKY, often in an irreverent, humorous way. Examples of such retro-style ads are "Get Lucky Road Trip" or "Get Lucky Drive In."[30]  As shown below, Ally has even taken Lucky Brand's design concept of a fake retro-style advertisement for "Lucky Lodge" and sells a t-shirt with a fake advertisement for "Get Lucky Lodge: Nature's Nudist Camp."



**"LUCKY LODGE" T-SHIRT**



**"GET LUCKY LODGE" T-SHIRT**

Another way Lucky Brand incorporates its marks into its clothing designs is through the use of symbols of luck and fortune such as the four-leaf clovers (the clover is also a trademarked symbol for Lucky Brand), horseshoes and lucky (or unlucky) numbers.  These symbols and depictions, of course, play on the word "lucky" and tie in with the LUCKY Family of Marks.[31] As shown below, Ally has taken this exact same style concept and sells GET LUCKY t-shirts, jeans and other apparel with the same symbols of luck and fortune.



**LUCKY BRAND INSIGNIA**



**GET LUCKY INSIGNIA**

---

[30] Lankford Decl. ¶18.  Exhibit G.
[31] Hennisch Decl. ¶34.  Exhibit I.

Another of Lucky Brand's popular design elements for men's t-shirts and other shirts is the use of gothic symbols. These designs often include the gothic rendering of the LUCKY and LUCKY BRAND marks described above. These designs also prominently feature gothic-style animals such as griffins, dragons, eagles and lions as well as gothic crosses and other symbols. Ally is using these same gothic designs and symbols extensively on its GET LUCKY t-shirts and other shirts.[32]

Other popular design elements for LUCKY BRAND men's t-shirts are various depictions of retro-Americana such as hot rods, muscle cars, tattoos and pinup girls, especially hearkening back to the 50s and 60s. Again, these designs often incorporate the LUCKY Family of Marks and are plays on the word "lucky."[33] As shown below, Ally is using these same retro-America design elements in the same way as Lucky Brand on its t-shirt designs.



**LUCKY BRAND T-SHIRT DESIGN**



**GET LUCKY T-SHIRT DESIGN**

Ally's GET LUCKY jeanswear uses the same design components of LUCKY BRAND jeanswear. Jeanswear is Lucky Brand's core product for both men and women. Marks from the LUCKY Family of Marks typically appear in more than a dozen places on every pair of LUCKY BRAND jeans including: the external leather back patch, the shank, the zipper head, the fly, the rivets, the label on the right back pocket and the hang tags.[34] Lucky Brand's trademarked clover symbol is even printed on the interior pocket bags of its jeans.[35] Ally displays the GET LUCKY

---

[32] Hennisch Decl. ¶35.  Exhibit J; Lankford Decl. ¶18.  Exhibit G.
[33] Hennisch Decl. ¶36.  Exhibit K.
[34] Hennisch Decl. ¶29.  Exhibit D.
[35] Id.

mark on jeans in the exact same manner as Lucky Brand including: the external leather back patch, the shank, the rivets, the label on the right back pocket and the hang tags. Ally even prints its block letter GET LUCKY logo described above on the interior pocket bags of its jeans.[36]

Plaintiffs have retained Dr. Erich Joachimsthaler, a world-renowned expert in the brand and marketing field, for the purposes of analyzing the strength of LUCKY BRAND and the similarities between LUCKY BRAND and Ally's GET LUCKY jeanswear and sportswear.[37]  In his expert opinion, Dr. Erich Joachimsthaler identifies many of the design characteristics of Lucky Brand described above as "associations" that serve as way for consumers to identify LUCKY BRAND and distinguish it from other jeanswear and sportswear brands.  He concludes that Lucky Brand's particular set of associations are what makes LUCKY BRAND unique to consumers and contributes to its brand strength.  He also finds in his analysis that Ally's GET LUCKY brand has replicated each one of these associations in an intentionally confusing manner. Dr. Joachimsthaler concludes, "These attempts at replicating Lucky Brand's unique associations, which must be intentional because they are too numerous to be merely coincidental, increase the possibility that consumers will confuse the two brands."[38]

### 3.   Ally's GET LUCKY Jeanswear Is Targeting the Same Markets, Demographics and Channels of Trade as LUCKY BRAND

#### *Lucky Brand's Target Demographics and Channels of Trade*

Although LUCKY BRAND jeanswear and sportswear is worn by consumers of all ages, Lucky Brand's largest consumer demographic for both men and women is ages 15 to 35.[39] LUCKY BRAND jeanswear and apparel is sold at retail through higher-end department stores such as Belk's, Nordstrom's, Neiman Marcus, Dillard's, Bloomingdale's and Macy's,

---

[36] Hennisch Decl. ¶29. Id.
[37] Dr. Erich Joachimsthaler, Expert Opinion ¶1.
[38] Dr. Erich Joachimsthaler, Expert Opinion ¶36-51.
[39] Hennisch Decl. ¶10.

throughout the United States.[40]   LUCKY BRAND jeanswear and apparel is also sold in specialty apparel stores throughout the United States such as Buckle, which has 320 stores in 38 states, Glik's, which has 55 stores throughout the Midwest, and at Yellow Rat Bastard in the SoHo neighborhood of New York City.[41]   Lucky Brand also sells its LUCKY BRAND jeanswear and sportswear in its 98 own retail stores.[42]   In early 1998, Lucky Brand launched its official Internet website located at *www.luckybrand.com.*   Lucky Brand sells its LUCKY BRAND Products through its online store which is part of this website.[43]

Menswear accounts for approximately 40% of Lucky Brand's total sales, with most of the remainder being womenswear.[44]   The retail price range of men's LUCKY BRAND jeanswear and sportswear is from approximately $30 to $300.   Men's LUCKY BRAND jeans retail from approximately $90 to $120.   Men's LUCKY BRAND t-shirts retail at approximately $35.[45]

### *Ally's Customer Demographic and Channels of Trade For GET LUCKY Jeanswear and Sportswear*

Ally sells GET LUCKY branded jeans, t-shirts and other apparel and accessories intended for young men ages 15-35.[46]   This is one of Lucky Brand's key customer demographics.[47]   Upon information and belief, Ally is planning to release women's GET LUCKY jeanswear and sportswear in approximately six months.[48]   Ally is selling GET LUCKY jeanswear and sportswear nationwide in department stores and specialty stores.   Many of these are the same stores that sell genuine LUCKY BRAND jeanswear and sportswear.   According to Ally's website for GET LUCKY jeanswear and sportswear located at *www.getlucky.info,* Ally's GET LUCKY products are currently sold at Belk's, Glik's, Bealls, V.I.M., Trends, Peebles,

---

[40] Hennisch Decl. ¶12.
[41] Hennisch Decl. ¶13.   Yellow Rat Bastard also sells LUCKY BRAND Products in its online store.
[42] Hennisch Decl. ¶14.
[43] Hennisch Decl. ¶18.
[44] Hennisch Decl. ¶24.
[45] Hennisch Decl. ¶15.
[46] Lankford Decl. ¶7. Exhibit A.
[47] Hennisch Decl. ¶10.
[48] McCarthy Decl.¶4.

Gordmans, World of Denim, Dr. Jay's, Stage Stores, Kohl's and Goody's.[49]  Plaintiffs have also learned that GET LUCKY jeanswear and sportswear is being sold at the specialty store Yellow Rat Bastard in New York City.[50]  Genuine LUCKY BRAND Products have been and continue to be sold at Belk's department stores and at Glik's and Yellow Rat Bastard specialty stores.[51] GET LUCKY jeans retail for about $50 to $60, and GET LUCKY t-shirts retail for about $30.[52] GET LUCKY jeanswear and sportswear sells at a lower price point than that of genuine LUCKY BRAND.

### *Lucky Brand's National Advertising and Marketing of LUCKY BRAND*

Lucky Brand markets its products through major national magazines, newspapers, outdoor signs, and other media, and engages in numerous promotional programs directed to consumers.  Lucky Brand runs unique and eye-catching print ads in such national publications as *GQ, Esquire, Seventeen, Elle, Vanity Fair* and *In Style.* Lucky Brand advertisements are also featured on billboards and other outdoor signage.[53]  Lucky Brand has also been the subject of much unsolicited, laudatory press coverage in various media, including editorial coverage in various fashion and lifestyle magazines.[54]

Lucky Brand jeanswear and sportswear has been featured in some of the most popular youth-oriented films and television programs, including television shows such as *Friends, Felicity* and WB network's *What I Like About You* and films such as *Scream II* and the upcoming *Dukes of Hazzard*, in which actress Jessica Simpson playing "Daisy Duke" will wear LUCKY BRAND cut-off jeans.[55]

---

[49] Lankford Decl. ¶9. Exhibit A.
[50] Lankford Decl. ¶14. Exhibit D.
[51] Photographs of Get Lucky's Jeanswear and Sportswear can be found on the "Products" Section of their web site. Lankford Decl. ¶8.
[52] McCarthy Decl. ¶3.
[53] Hennisch Decl. ¶16. Exhibit A.
[54] Hennisch Decl. ¶17. Exhibit B.
[55] Hennisch Decl. ¶22.

Lucky Brand engages in numerous marketing and promotional programs aimed at putting its LUCKY Family of Marks in front of its target demographic.[56]   One of Lucky Brand's most significant areas of marketing is its promotion of rock concerts under LUCKY BRAND and other marks in the LUCKY Family of Marks.   In the past few years, Lucky Brand has put on more than 25 rock concerts in Las Vegas, NV for artists including Bob Dylan, The Allman Brothers Band, The Band, James Brown, Sugar Ray, Jefferson Airplane, Billy Preston and others.   Lucky Brand is also a sponsor of the Sundance film festival and the Santa Barbara film festival.[57]   Lucky Brand has also sponsored a race car, which displayed marks from the LUCKY Family of Marks.[58]

### Ally's National Advertising and Marketing of GET LUCKY

Ally is duplicating Lucky Brand's advertising and marketing efforts.   Plaintiffs recently learned that Ally is starting to advertise GET LUCKY jeanswear and sportswear in the national media.   An advertisement for GET LUCKY jeans appeared in the May/June issue of *YRB* magazine.   This ad features the back patch pocket of a pair of GET LUCKY jeans bearing the GET LUCKY mark and lists the domain name of its website and Ally's other contact information.[59]   *YRB* is produced by Yellow Rat Bastard, a specialty store in New York City and online, which sells genuine LUCKY BRAND jeanswear and sportswear and has recently begun to sell Ally's GET LUCKY jeanswear and sportswear.   *YRB* is a fashion and lifestyle magazine with a nationwide circulation of 200,000 and whose readership is largely males between the ages of 21 and 30,[60] one of Lucky Brand's key customer demographics.

---

[56] Hennisch Decl. ¶19.
[57] Hennisch Decl. ¶20.
[58] Hennisch Decl. ¶22.
[59] Lankford Decl. ¶13. Exhibit C.
[60] Lankford Decl. ¶14. Exhibit E.

Just like Lucky Brand, Ally advertises its GET LUCKY jeanswear and sportswear on the Internet on its official website located at *www.getlucky.info*.[61]  This website has a similar look and feel to Lucky Brand's official website. Additionally, Ally is promoting its GET LUCKY jeanswear and sportswear through rock concerts and on a race car, which are two areas in which Lucky Brand promotes its products.

### 4.    Ally's Infringement of Lucky Brand is Intentional

Get Lucky's intention to capitalize on Lucky Brand's notoriety and goodwill was laid bare when Get Lucky's Vice President for National Sales admitted that "consumers don't know the difference" between LUCKY BRAND and GET LUCKY jeanswear and sportswear.  On June 9, 2005, Terry Lankford, an investigator retained by Plaintiffs' counsel, telephoned Ally, posing as a prospective retail buyer.  The investigator was transferred by the operator to "David," who was later revealed to be David Cohen, Ally's Vice President of National Sales.[62]  The following is an excerpt from the ensuing conversation:[63]

> Mr. Cohen:  How did you hear about us?
>
> Mr. Lankford:  Actually in the store I saw your line and I …
>
> Mr. Cohen:  What store?
>
> Mr. Lankford:  It was I think Belk's.
>
> Mr. Cohen:  Yeah, we're doing nicely.  You know what it is, give me your name again, I'm sorry.
>
> Mr. Lankford:  My name? Clyde Walker.
>
> Mr. Cohen:  Clyde Walker. **Clyde, what it is, is if you can't, if you can't get Lucky, you might as well get Get Lucky.  You know what I'm saying?  And I mean that because, because the consumers don't know the difference, man.**  (Emphasis added)
>
> Mr. Lankford:  Really?

---

[61] Lankford Decl. ¶4.  Exhibit A.
[62] Lankford Decl. ¶15;  Lankford Decl. ¶18.  Exhibit H.
[63] Lankford Decl. ¶17.

21

> Mr. Cohen:  Yeah, it's just, that's what, you know, I mean, listen, I don't really like to say that but, it doesn't matter.  We look better than Lucky.  We look younger, you know the washes and stuff like that.[64]

There can be no doubt from Mr. Cohen's statements that it is Ally's intent to profit from the success of Lucky Brand and, the goodwill of the LUCKY Family of Marks by imitating them to the point that "consumers don't know the difference" between the two brands.  Ally is clearly trying to position its products to potential retailers and consumers as a cheaper, but indistinguishable, alternative to genuine LUCKY BRAND Products.[65]  Furthermore, Plaintiffs' expert Dr. Erich Joachimsthaler, in his independent analysis, has also concluded that Ally is intentionally infringing the LUCKY Family of Marks.   Dr. Joachimsthaler finds that the similarities between Ally's GET LUCKY and  LUCKY BRAND jeanswear and sportswear "must be intentional because they are too numerous to be merely coincidental."[66]  This is egregious trademark infringement, and it is the very purpose of the Lanham Act to protect trademark owners such as Lucky Brand from this type of infringing behavior.

## 5.    Examples of Actual Confusion Between LUCKY BRAND and GET LUCKY

Even though Lucky Brand only recently learned about Ally's infringing activities, Lucky Brand has already learned of instances of actual confusion between LUCKY BRAND and GET LUCKY jeanswear and sportswear, both by consumers and by retailers.  On the Internet auction website eBay, several sellers have been selling GET LUCKY jeanswear and sportswear, claiming that these products are coming from or are related to Lucky Brand.  The following are some examples:

- In May 2005, a seller put up a t-shirt for auction under the heading "LUCKY JEANS mens t-shirt white/blue 'get lucky 1985' L."  The t-shirt pictured,

---

[64] Lankford Decl. ¶17.  Exhibit F.
[65] On June 14, 2005, Mr. Lankford received a package from David Cohen containing the price sheet and pictures as well as Mr. Cohen's business card.  Lankford Decl. ¶18.  Exhibits G and H.
[66] Dr. Erich Joachimsthaler, Expert Opinion ¶51.

however, was a GET LUCKY ringer-style t-shirt with "Get Lucky 1985" printed on the front. An investigator for Plaintiffs bid on this item and was informed by the seller that he had won the auction. But instead of receiving the GET LUCKY t-shirt pictured in the auction listing, the investigator instead received a genuine LUCKY BRAND striped t-shirt.[67]

- In July 2005, a seller put up a pair of shorts for auction under the heading "NWT MENS LUCKY BRAND GET LUCKY CARPENTER SHORTS SZ 34." The shorts pictured, however, were a pair of GET LUCKY denim shorts.[68]

- In June 2005, a seller put up a t-shirt for auction under the heading "Get Lucky/Lucky Brand" t-shirt. The t-shirt pictured, however, was a GET LUCKY ringer-style shirt with "Get Lucky Road Trip" printed on the front.[69]

- In May 2005, a seller put up a t-shirt for auction under the heading "Get Lucky Brand T-Shirt." The t-shirt pictured, however, was a GET LUCKY ringer-style t-shirt with "Get Lucky Road Trip" printed on the front.[70]

- In July 2005, a seller put up a men's short-sleeve button down shirt for auction under the heading "New Get Lucky Brand vintage look paisley shirt size large." The shirt pictured, however, was a GET LUCKY shirt. In the description of the product, the seller wrote, "This shirt is very much like the brand LUCKY but less expensive."[71]

These auction listings show that eBay sellers are either (1) confused as to the source of GET LUCKY jeanswear and sportswear, thinking these products originate with Lucky Brand or (2) seeking to draw the connection between GET LUCKY jeanswear and sportswear and Lucky Brand in order to increase the value of the bids on these products.

In addition, representatives of the retail stores where GET LUCKY jeanswear and sportswear is being sold appear to be confused about the identity and source of GET LUCKY Products. The following are some examples:

- An investigator for Plaintiffs telephoned a Kohl's store in Charlotte, NC, and asked an employee if the store carried GET LUCKY jeans. The employee responded, "The LUCKY BRAND jeans. We don't carry those at all. You'll

---

[67] Lankford Decl. ¶23. Exhibits M, N and O
[68] Lankford Decl. ¶28. Exhibit U.
[69] Lankford Decl. ¶26. Exhibit S.
[70] Lankford Decl. ¶22 Exhibits J, K and L.
[71] Lankford Decl. ¶27. Exhibit T.

want to try South Park." This employee was apparently referring to the South Park Mall in Charlotte, NC, which has a Lucky Brand store in it.[72]

- In a separate call to a Belk's store in Charlotte, NC, an employee there informed the investigator that the store did not carry GET LUCKY apparel but again referred the investigator to the South Park Mall.[73]

This confusion by consumers and even retail stores about the source of GET LUCKY jeanswear and apparel demonstrates that Ally's Vice President was correct when he said "consumers don't know the difference" between LUCKY BRAND and GET LUCKY. Apparently, neither do purportedly more sophisticated retailers themselves.

**C.    Ally's GET LUCKY Jeanswear and Sportswear Brand Is Completely Different From Marcel's GET LUCKY Womenswear Brand**

According to Defendant Ally's Get Lucky website, Ally is producing and selling its GET LUCKY jeanswear and sportswear under license from Defendant Ezra Mizrachi.  There is no dispute that Defendant Marcel owns a trademark registration for GET LUCKY for apparel.[74] But Ally's GET LUCKY jeanswear and sportswear for brand-conscious, hip young men ages 15 to 35, could not be any more different from Marcel's GET LUCKY brand.  The following chart summarizes the differences between Ally's GET LUCKY brand and Marcel's GET LUCKY brand:

| Comparisons between Ally's GET LUCKY and Marcel's GET LUCKY Brands | | |
| --- | --- | --- |
| | **Ally's GET LUCKY** | **Marcel's GET LUCKY** |
| Products | Jeanswear and Sportswear Branded Heavily with GET LUCKY Mark | Unbranded Pant Suits, Dresses and Blouses |
| Target Demographics | Hip, Brand-Conscious Men Ages 15-35 | Value-Driven Middle-Aged Women |
| Channels of Trade | Department Stores and | Niche Markets Such as |

---

[72] Lankford Decl. ¶30.
[73] Lankford Decl. ¶31.
[74] Bolmarcich Decl. ¶21. Exhibit I.

| | Specialty Stores | Hospitals, Theme Parks, Casinos and Indian Reservations |
|---|---|---|
| Advertising/Marketing | National Print Media, Online, and Sponsoring Youth-Oriented Events | Trade Shows Only |

Marcel has used the GET LUCKY brand for pantsuits, blouses and dresses for middle-aged, value-driven women. Marcel's attempt to appeal to an older women's demographic is apparent in its 2001 catalog and new 2005 catalog.[75] In fact, Marcel's 2005 catalog for GET LUCKY womenswear is comprised entirely of apparel for women who are members of the "Red Hat Society," which is an organization that encourages "fun and frivolity" for women over 50 years of age and whose members wear purple clothing and red hats.[76] Indeed almost every garment in Marcel's new GET LUCKY catalog is purple and features an appliqué of either a red hat or a woman wearing a red hat. Below is an example of Marcel's current GET LUCKY womenswear designs from the cover of its 2005 catalog.



**COVER OF MARCEL's 2005 "GET LUCKY" CATALOG**

Marcel's use could not be any farther away from Ally's GET LUCKY young male jeanswear market.

Ally and Marcel also vary a great deal in the way they use GET LUCKY as a brand identifier. As discussed above, Ally's GET LUCKY jeanswear and sportswear is branded

---

[75] Bolmarcich Decl. ¶16. Exhibit G;  Lankford Decl. ¶20.  Exhibit I.
[76] For a more detailed description of the Red Hat Society see the organization's official website located at "www.redhatsociety.com."

heavily with the GET LUCKY mark. The GET LUCKY mark appears in more than a dozen places on every pair of Ally's jeans and is the prominent design feature on almost all of Ally's GET LUCKY t-shirts. By contrast, the GET LUCKY mark is used only as a "signature" on a label that is sewn into the tags of Marcel's garments, and is not incorporated into Marcel's clothing designs.[77] In Marcel's most recent catalog, the only place where the GET LUCKY mark appears other than on the clothing tags is on the catalog cover to identify the source as "Marcel Fashion Group Inc. Get Lucky."

In addition to wildly different products and customer demographics for their respective GET LUCKY brands, Ally and Marcel have completely different marketing methods, advertising and channels of trade. As discussed above, Ally sells GET LUCKY jeanswear and sportswear in nationwide department stores and specialty stores. Ally advertises GET LUCKY jeanswear and sportswear in national print media directly to hip, young men, as well as on the Internet and at events such as rock concerts and Spring Break.[78] By contrast, the following are descriptions of Marcel's marketing methods, advertising and channels of trade, which Marcel stipulated to in its 2003 prior litigation with Lucky Brand.[79]

- Marcel does not market its products to department stores or mass catalogs.
- Marcel focuses on a niche market comprised of casinos, hotels, hospitals, Indian reservations, theme parks, small specialty stores and catalogs.
- Marcel does not market its products to the general public. It does not use print media or television, or other forms of advertising to consumers or the general public.
- Marcel does not promote its goods on the Internet. Rather, Marcel markets its products to customers exclusively through trade shows.

---

[77] Bolmarcich Decl. ¶16. Exhibit F.
[78] Lankford Decl. ¶10. Exhibit A.
[79] Bolmarcich Decl. ¶17. Exhibit H.

Marcel's marketing, advertising and channels of trade for its GET LUCKY womenswear have apparently not changed since this stipulation.[80]

Another fact Marcel stipulated to in 2003 is that its annual sales, which include the GET LUCKY brand, private label and other apparel lines, had never exceeded a few million dollars.[81] There is no reason to believe that Marcel's GET LUCKY brand has grown substantially since then. So why would Ally acquire a license for an almost unknown mark for a completely different product, market and demographic? Whatever limited goodwill Marcel had built up in its GET LUCKY mark was certainly not from hip, young men who buy branded clothing at department stores and specialty stores. It is apparent that the goodwill Ally was seeking from this license was Lucky Brand's and not Marcel's. Ally is merely using its license from Marcel for GET LUCKY as a legal justification to infringe Lucky Brand's LUCKY Family of Marks.

Plaintiff's expert Dr. Erich Joachimsthaler, in his analysis, also finds stark differences between Ally's and Marcel's respective uses of the GET LUCKY mark. He observes that the GET LUCKY logos Ally uses are "strikingly dissimilar" from the GET LUCKY logo Marcel uses. Dr. Erich Joachimsthaler also observes that Ally uses the GET LUCKY mark in a far more visible manner, branding its clothing heavily with GET LUCKY as its prominent design feature, whereas Marcel only uses GET LUCKY in the tag of its clothing.[82] Dr. Joachimsthaler concludes that Ally is "marketing a completely different set of products under the Get Lucky name than those marketed as Get Lucky by Marcel" [83] and that the strategies used by Ally are also very different from those used by Marcel.[84]

---

[80] Lankford Decl. ¶20.  Exhibit I.
[81] Bolmarcich Decl. ¶17.  Exhibit H.
[82] Dr. Erich Joachimsthaler, Expert Opinion ¶¶83-84.
[83] Dr. Erich Joachimsthaler, Expert Opinion ¶¶80-81.
[84] Dr. Erich Joachimsthaler, Expert Opinion ¶¶75, 77.

27

### *Prior Litigation and Settlement Between Lucky Brand And Marcel*

Defendants Marcel and Ezra Mizrachi were well aware of Lucky Brand and the LUCKY Family of Marks when they granted Ally a license for GET LUCKY jeanswear and sportswear for young men. Defendant Marcel litigated against Plaintiffs only a few years ago. Marcel filed an action against Plaintiffs and others on September 9, 2001 in the Southern District Court of Florida for trademark infringement relating "increasing confusion" in the marketplace between Lucky Brand's use of "Get Lucky" as a slogan and Marcel's GET LUCKY trademark. Marcel contended that it was experiencing difficulty in expanding its market because of the perceived association between Marcel and Lucky Brand and the perception that Marcel was "knocking off" Lucky Brand and attempting to capitalize on Lucky Brand's goodwill.[85]

The Court in that prior litigation denied Marcel's motion for a preliminary injunction finding that Marcel had not made a showing of a irreparable harm or a likelihood of success on the merits. The Court also found that while LUCKY BRAND was a well-known and extensively-advertised brand, Marcel's GET LUCKY trademark was "virtually unknown" outside of its limited market.[86] The Court also found that Lucky Brand and Marcel's respective products "are quite different in type, quality, target market, price range and advertising."[87]

On May 20, 2003, Marcel and Plaintiffs entered into a settlement agreement effectively ending the prior litigation.[88] This settlement agreement is confidential and cannot be produced by Plaintiffs unless and until it receives Defendant Marcel's consent.[89] Without divulging the terms of the settlement agreement, there is nothing in this agreement which would allow the Defendants Marcel or Ezra Mizrachi to license the GET LUCKY Mark to Defendants Ally and

---

[85] Bolmarcich Decl. ¶14. Exhibit D.
[86] Bolmarcich Decl. ¶15. Exhibit E at 4.
[87] Id.
[88] Bolmarcich Decl. ¶18.
[89] Lucky Brand, for itself, consents to producing this settlement agreement to the Court, under seal if so required by Defendant Marcel.

28