UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

LUCKY BRAND DUNGAREES, INC. and
LIZ CLAIBORNE, INC.

        Plaintiffs,

  -v-                                        No. 05 Civ. 6757 (LTS)(MHD)

ALLY APPAREL RESOURCES LLC, d/b/a
GET LUCKY, et al.,

        Defendants.

------------------------------------------------------x

## MEMORANDUM OPINION

        Plaintiffs Lucky Brand Dungarees, Inc. and Liz Claiborne, Inc.[1] (collectively referred to as "Lucky Brand" or "Plaintiffs") bring this action against Defendants Ally Apparel Resources LLC d/b/a Get Lucky, Key Apparel Resources, Ltd., Marcel Fashion Group, Inc. and Ezra Mizrachi (collectively referred to as "Defendants"), alleging, inter alia, that the manner in which Defendants have used and continue to use the "Get Lucky" brand infringes several of Plaintiffs' trademarks.[2] Lucky Brand's complaint asserts the following claims: (1) trademark infringement in violation of 15 U.S.C. § 1114; (2) unfair competition in violation of 15 U.S.C. § 1125(a); (3) trademark dilution in violation of 15 U.S.C. § 1125(c); (4) injury to business reputation/dilution in violation of N.Y. Gen. Bus. Law § 360-l; (5) deceptive acts in violation of

---

[1]     Liz Claiborne, Inc. is the parent corporation of Lucky Brand Dungarees, Inc.

[2]     Defendants also raise counterclaims alleging that Plaintiffs' use of the brand "Lucky Brand" as well as various derivations thereof infringes Defendants' own registered trademark in "Get Lucky." However, because the instant motion practice does not concern Defendants' counterclaims, they will not be discussed in this opinion.

N.Y. Gen. Bus. Law § 349; (6) common law trademark infringement; and (7) common law unfair competition. Defendants move the Court for summary judgment in their favor on Plaintiffs' trademark infringement and unfair competition claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Docket Entry No. 92.) This Court has jurisdiction of the parties' Lanham Act claims pursuant to 28 U.S.C. § 1338 and supplemental jurisdiction of the parties' state law claims pursuant to 28 U.S.C. § 1367.

The Court has considered carefully the parties' submissions and arguments. For the following reasons, the Court denies Defendants' motion for summary judgment.

## BACKGROUND

The following material facts are not disputed unless otherwise indicated. In 1985, Ezra Mizrachi ("Mizrachi") founded a clothing company called Marcel Fashion Group, Inc. ("Marcel"). (Pls.' Opp'n to Defs.' Rule 56.1 Statement ("Pls.' 56.1 Stmt.") ¶ 1.)[3] On January 7, 1986, Marcel registered the mark "Get Lucky," which covered, inter alia, men's, women's, and children's clothing and sportswear, including jeans, on the principal register (Reg. No. 1,377,345). (Pls.' 56.1 Stmt. ¶¶ 13-14; Marcel Certificate of Registration,[4] annexed to July 30, 2007, Decl. of Ezra Mizrachi ("Mizrachi Decl. I") as Ex. N.) In January 1992, Marcel's registration for the "Get

---

[3] Plaintiffs' Opposition to Defendants' Rule 56.1 Statement indicates whether Plaintiffs dispute each paragraph of Defendants' Rule 56.1 Statement. Each paragraph of Plaintiffs' Statement corresponds numerically to those in Defendants' 56.1 Statement. Unless otherwise indicated, citations to "Pls.' 56.1 Stmt." are only to those paragraphs which indicate no dispute.

[4] Plaintiffs do not challenge the authenticity of this registration certificate.

Lucky" mark was cancelled.[5] (Pls.' 56.1 Stmt. ¶ 15.) On September 23, 2003, Marcel registered a new "Get Lucky" mark on the principal register (Reg. No. 2,765,974). (Defs.' Answer and Countercl. ¶ 34; Pls.' Answer ¶ 34; Mizrachi Decl. I Ex. M.)

Lucky Brand, also a clothing company, was founded in 1991. (Joint Pre-Trial Stmt. ("JPTS") at 6.)[6] Between mid-1991 and early 2005, Lucky Brand obtained several registrations for the "Lucky Brand" mark and derivations thereof (hereinafter "Lucky-formative marks") for various articles of clothing, with a substantial majority of the registrations obtained after 2000. (See Ex. 1, annexed to Aug. 17, 2007, Decl. of Barry Perlman.)[7] All of the marks were registered on the principal register. (Id.)

In the spring of 2004, Marcel licensed Ally Apparel Resources LLC ("Ally") to use

---

[5] Although Defendants use the term "lapsed," "cancelled" is a more accurate description of what happened to Defendants' registration in 1992. 15 U.S.C. § 1058 provides that certificates of registration remain in force for ten years (at the time Defendants registered the mark, the statute provided for twenty years), and 15 U.S.C. § 1059 provides procedures for renewal of registration. However, Section 1058 also provides that the registration may be "canceled" at the end of six years if the registrant fails to file an affidavit concerning how the mark is being used, more commonly known as a "section 8 affidavit," between the fifth and sixth anniversaries of the registration. See generally 3 McCarthy on Trademarks and Unfair Competition § 19:136 (4th ed. 2007). Therefore, Defendants' admitted failure "to file a declaration of use between the fifth and sixth anniversaries of the registration date," (Defs.' Answer ¶ 18), appears technically to have resulted in cancellation, not a "lapse," of their registration. Moreover, the cancellation must have occurred in January 1992 and not thereafter, since the date of registration was January 1986 and cancellation under Section 1058 was to occur "at the end of six years" under the version of the statute governing at that time. 15 U.S.C.A. § 1058 (original version, subsequently amended in 1999) (West Supp. 2007).

[6] Citations to the parties' Joint Pre-Trial Statement refer to the section in which the parties set forth a statement of the material facts not in dispute.

[7] Defendants do not challenge the authenticity of these registration certificates.

the "Get Lucky" mark.[8] (JPTS at 7.) Lucky Brand thereafter brought this action, alleging that, after obtaining a license from Marcel, Ally used and continues to use "Get Lucky" in a manner that infringes the trademarks owned and registered by Lucky Brand. (See Compl. ¶¶ 47-59.)

The extent to which and the geographic areas in which Marcel and/or its licensees have used the "Get Lucky" mark from 1985 until the present time are disputed.

DISCUSSION

Defendants move for summary judgment on Plaintiffs' trademark and unfair competition claims. Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To defeat a motion for summary judgment, the non-movant must identify specific facts showing a genuine issue for trial, or demonstrate that the moving party is not entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e)(2); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

Defendants invoke the prior use defense codified in 15 U.S.C. § 1115(b)(6) in aid of their argument that they are entitled to summary judgment dismissing all of Plaintiffs' trademark infringement and unfair competition claims because Marcel had registered, and used, "Get Lucky" throughout the United States before Plaintiffs even registered their marks. (See Oral Argument Tr. at 3.)

---

[8] By noting that Marcel licensed Ally to use the "Get Lucky" mark in 2004, the Court is not expressing any opinion whatsoever with regards to Marcel's rights and/or ownership of the "Get Lucky" trademark at that point in time.

*Prior use defense under 15 U.S.C. § 1115(b)(6)*[9]

The prior use defense provision under subsection (b)(6) permits an alleged infringer to assert as a defense:

> That the mark whose use is charged as an infringement was registered and used prior to the registration under this chapter . . . , and not abandoned: <u>Provided, however,</u> That this defense or defect shall apply only for the area in which the mark was used prior to such registration . . . .

15 U.S.C.A. § 1115(b)(6) (West 1998) (emphasis in original).

Plaintiffs contend that the Section 1115(b)(6) defense is unavailable to Defendants because Defendants cannot satisfy the "was registered" element of subsection (b)(6), in that Defendants' "Get Lucky" registration, though undisputedly entered prior to any of Plaintiffs' own registrations, was cancelled in 1992, prior to nearly all of Plaintiffs' registrations.[10] However, nothing in the plain language of subsection (b)(6) suggests that a mark that was registered but later cancelled cannot satisfy the "was registered" element of subsection (b)(6), nor do Plaintiffs cite any authority supporting such a proposition. Defendants' "Get Lucky" mark "was registered" in 1986, prior to any of Plaintiffs' registrations. Therefore, the "was registered" element of subsection (b)(6) is satisfied and Defendants are not precluded from invoking the subsection 1115(b)(6) defense.

---

[9] Although this analysis of Defendants' prior use defense cites Lanham Act authority, the specific provision discussed is equally applicable to the extent that Plaintiffs assert their trademark infringement claims under the common law. See <u>Thrifty Rent-a-Car System, Inc. v. Thrift Cars, Inc.</u>, 831 F.2d 1177, 1181 (1st Cir. 1987) (explaining that Lanham Act defense derives from common law).

The parties have not addressed Defendants' prior use defense in the context of Plaintiffs' statutory state law claims.

[10] Only one Lucky-formative mark was registered by Plaintiffs prior to the cancellation of Defendants' mark in January 1992 (Reg. No. 1,646,123). (Registration Certificate dated May 28, 1991, annexed to Perlman Decl. as Ex. 122-A1.)

*There is a genuine factual issue as to geographic area*

The statutory defense provided by subsection (b)(6) is, however, subject to the proviso that the defense shall apply "only for the area in which the mark was used prior to [claimant's] registration . . . ." Defendants claim the protection of the prior use defense as to the entire United States. (See Oral Argument Tr. at 4-5.)

The evidence proffered by Defendants is insufficient to establish as a matter of law their right to subsection 1115(b)(6) protection extending throughout the United States. Determining the geographic area in which an alleged infringer has successfully demonstrated prior use is an fact-intensive inquiry that includes questions of, inter alia, sales volume, proper definitions of the appropriate buyers' and sellers' markets, forms of advertising, customer association, and/or reputation. See, e.g., Sweetarts v. Sunline, Inc., 380 F.2d 923, 929 (8th Cir. 1967); Natural Footwear Ltd. v. Hart, Schaffner & Marx, 760 F.2d 1383, 1398-99 (3rd Cir. 1985).[11] The affidavit proffered by Defendants on this issue only includes generalized and conclusory statements concerning nationwide use that are called into question by Plaintiffs' counter-proffers, which include preliminary findings of fact and stipulated facts in separate litigation brought by Marcel suggesting only limited use in a niche market.[12] Defendants also rely on various exhibits

---

[11] Both the Eighth Circuit and Third Circuit tests were articulated in the context of a subsection (b)(5) defense rather than a subsection (b)(6) one. However, subsection (b)(5) contains a nearly identical proviso regarding geographic area, so these cases nonetheless illustrate the extensive factual inquiry as to geographic area that is appropriate for either type of defense.

[12] At oral argument, Defendants cited Amer. Tissue Ins. v. Donaldson, 351 F. Supp. 2d 79 (S.D.N.Y. 2004), for the proposition that "stipulations are not traditional admissions for later cases." (Oral Argument Tr. at 20.) In that case, the court noted, "while research discloses no Second Circuit authority on point, the general rules seems to be that a judicial admission only binds the party that makes it in the action in

that consist of, inter alia, advertisements, invoices, and trade show brochures, but a substantial portion of those exhibits do not actually show use of the "Get Lucky" mark, do not provide any indication whatsoever as to the geographic area in which the mark was used, and/or do not indicate when or how the mark was used. Genuine issues of material fact thus preclude the grant of Defendants' summary judgment motion.

Should the prior use defense be pursued at trial, specific evidence on these matters will have to be presented in order to enable the fact finder to make a proper determination as to whether Defendants have carried their burden of proof as to the geographic element of their prior use defense.

CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment on Plaintiffs' trademark infringement and unfair competition claims is denied. The Clerk of Court is respectfully requested to terminate Docket Entry No. 92.[13]

When Magistrate Judge Dolinger decides Defendants' motion for sanctions under

---

which it is made, not in 'separate and subsequent cases.'" Donaldson, 351 F. Supp. 2d at 96 (citing cases). In this case, Plaintiffs are not seeking to "bind" Defendants to judicial admissions made in separate litigation but are, rather, identifying prior inconsistent statements or evidentiary admissions. Donaldson is therefore inapposite.

[13] The Court's November 16, 2007 Order denying Defendants' first motion for summary judgment should have terminated Docket Entry No. 69. However, due to a scrivener's error, that Order terminated Docket Entry No. 92, Defendants' second motion for summary judgment, which is denied by this order. (See Docket Entry No. 148.)

Therefore, the Clerk of Court is respectfully requested to: 1) correct Docket Entry No. 148 by indicating that it terminates Docket Entry No. 69; and 2) terminate Docket Entry No. 92 in light of the determination set forth in this Memorandum Opinion.

Rule 37 (Docket Entry No. 154), the parties shall notify Chambers and propose a deadline for submission of a revised set of joint proposed jury instructions as well as a time frame for the final pre-trial conference.

        SO ORDERED.

Dated:       New York, New York
               February 5, 2008

                                                        LAURA TAYLOR SWAIN
                                                        United States District Judge