UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCKY BRAND DUNGAREES, INC., LIZ CLAIBORNE, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ALLY APPAREL RESOURCES LLC d/b/a GET LUCKY, KEY APPAREL RESOURCES, LTD., MARCEL FASHION GROUP, INC., and EZRA MIZRACHI, <br><br> Defendants. | Civil Action No. 05 CV 6757 (LTS) (MHD) <br><br> ECF CASE |

**REQUEST FOR A FINDING THAT MARCEL OWNS A VALID AND ENFORCEABLE TRADEMARK REGISTRATION FOR GET LUCKY PURSUANT TO THE <u>'LAW OF THE CASE' DOCTRINE</u>**

Pursuant to this Court's instructions at the May 12, 2009 pre-trial conference, defendants Marcel Fashion Group, Inc., and Ezra Mizrachi (collectively "Marcel") request that the Court rule that Marcel owns a valid and enforceable trademark registration for GET LUCKY pursuant to the law of the case doctrine, or in the alternative, that Lucky Brand Dungarees, Inc. and Liz Claiborne, Inc (collectively "Plaintiffs" or "Lucky Brand") are precluded from arguing that Marcel does not.

This Court has found that Lucky Brand Dungarees, Inc. and Liz Claiborne, Inc (collectively "Plaintiffs" or "Lucky Brand") admitted that it committed federal trademark infringement when it used Marcel's GET LUCKY trademark, which is protected under United States Trademark Registration Number 2,765,974, on men's and women's t-shirts, and women's long sleeved shirts without Marcel's consent. (Memorandum and Order, Docket Item 164 at 22). Lucky Brand consented to the entry of an Order finding it liable for federal trademark

1

infringement of the GET LUCKY trademark registration. (*See* Joint Proposed Order and Partial Judgment, Docket Item 182). On April 22, 2009, this Court granted partial summary judgment on the same claims. (*See* Order Granting Partial Summary Judgment and Injunction, Docket Item 183 at 1-2).

The required elements for a claim of trademark infringement are (1) ownership of a valid and enforceable federal trademark registration and (2) likelihood of confusion. 15 U.S.C.A. 1051 *et seq.*; *Star Industries, Inc. v. Bacardi & Co. Ltd.*, 412 F.3d 373, 381 (2nd Cir. 2005). *Ergo*, Lucky Brand could not have committed federal trademark infringement without Marcel's ownership of a valid trademark.

Under the law of the case doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. *DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2nd Cir. 1992); *Ovadia v. Top Ten Jewelry Corp. et al.*, 2005 WL 1949970 (S.D.N.Y. Aug. 12, 2005). Accordingly, the law of the case doctrine establishes that Marcel owns a valid and enforceable federal trademark registration because it is a required element to a claim to which Lucky Brand has conceded.

Moreover, Lucky Brand has made numerous party admissions and/or judicial admissions to this Court, both at the 2005 preliminary injunction stage and in opposition to Defendants' motion for summary judgment in 2007, that Marcel has valid trademark rights in GET LUCKY. (These admissions are the subject of a separate briefing to this Court, filed today.) For example, Lucky Brand admitted that "there is no question that Marcel has trademark rights in GET LUCKY." (Plaintiffs' Reply Memorandum of Law, Docket Item 31 at 8). It also admitted that "Plaintiffs acknowledge that Defendant Marcel Fashion Group owns a registered trademark for GET LUCKY and has been using it on apparel for value-driven, middle aged women and in

2

particular niche markets for some time." (August 4, 2005 Letter from Lucky Brand's outside counsel, Scott Gelin, to Judge Swain). Also, Lucky Brand admitted in its August 17, 2007 56.1 Statement of Facts that "Marcel owns a trademark registration for GET LUCKY" in what Lucky Brand termed a niche market. (Docket Item 104 at 18).

In addition, Lucky Brand admitted that Marcel used GET LUCKY on a "wide variety of clothing, including denim products and various types of sportswear, and that Marcel and Lucky Brand are both *in the business of marketing sportswear and jeanswear*." (Docket Item 104 at 18). It also admitted "Plaintiffs acknowledge that Defendant Marcel Fashion Group owns a registered trademark for GET LUCKY and has been using it on apparel for value-driven, middle aged women and in particular niche markets for some time." (Docket Item 218 at Exhibit E). Accordingly, it is clear that Lucky Brand has repeatedly admitted throughout this case that Marcel owns a valid trademark through both its use in commerce and its federal registration, and that its consent to entry of an order of federal trademark infringement constitutes law of the case in that regard.

DATED: June 2, 2009

        McKOOL SMITH, P.C.

        By: \_\_\_/s/  Ann Schofield Baker\_\_\_
        Ann Schofield Baker (AS 6832)
        McKool Smith, P.C.
        399 Park Avenue
        Suite 3200
        New York, NY 10022
        Telephone: 212.402.9400
        Facsimile: 212.402.9444

        *Attorneys for Defendants Ally Apparel Resources LLC, Key Apparel Resources, Ltd., Marcel Fashion Group, Inc. and Ezra Mizrachi*