UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LUCKY BRAND DUNGAREES, INC., and
LIZ CLAIBORNE, INC.,

        Plaintiffs,

   -v-                                            No. 05 Civ. 6757 (LTS)(MHD)

ALLY APPAREL RESOURCES LLC, et al.,

        Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 1 9 2009

## ORDER

Plaintiffs in the above-captioned action have requested that the Court impose sanctions in the form of preclusion of Defendants' proffered Exhibits JM-KE, KG-KJ, KK, KL, KM and KP-KS (hereinafter the "Exhibits"), from use at trial.

The issue was first raised by Plaintiffs in a letter dated April 22, 2009, letter (Docket Entry No. 185), wherein Plaintiffs contended that the Exhibits were not revealed to Plaintiffs until April 17, 2009, and should have been produced much earlier in discovery in response to Plaintiffs' first request for the production of documents and things pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and first set of interrogatories made pursuant to Rules 26 and 33, both dated January 5, 2007 (collectively, the "Requests"), or as a supplemental response to the Requests. Defendants' responded by letter dated April 23, 2009. (Docket Entry No. 206.) The Court thereafter ordered the production of Ezra Mizrachi ("Mizrachi") for deposition by Plaintiffs. (Docket Entry No. 184.) After the deposition was conducted, Plaintiffs contended in a letter dated May 4, 2009, that Mizrachi had been unable to provide a satisfactory explanation as to why the Exhibits were not produced earlier, and sought an opportunity to move for sanctions. (Docket Entry No. 208.)

Defendants responded in a letter dated May 6, 2009. (Docket Entry No. 201). Oral argument on the matter was held at the May 12, 2009, final pre-trial conference, during which Plaintiffs requested sanctions in the form of preclusion, and additional submissions were made thereafter. (Docket Entry Nos. 210, 213.)

The Court has considered thoroughly all of the parties' submissions and arguments, including Plaintiffs' specific sanctions requests, their legal arguments in support of those requests, and Defendants' responses thereto, and finds no justification for granting Plaintiffs' request for the sanction of preclusion. The Exhibits certainly should have been produced sooner, as they were responsive to the Requests. However, Plaintiffs cite no legal support justifying the imposition of the extraordinary sanction of preclusion, Rule 37 does not explicitly provide for preclusion in the circumstances found here, and the Court finds that Defendants' belated production was not in bad faith or otherwise so egregious so as to warrant preclusion pursuant to the Court's inherent power to manage discovery. Accordingly, Plaintiffs' request for sanctions in the form of preclusion of Defendants' proffered Exhibits JM-KE, KG-KJ, KK, KL, KM and KP-KS, is denied.

Plaintiffs may nonetheless submit a request to the Court for further discovery, if any, that Plaintiffs believe is necessitated by Defendants' late disclosures. Plaintiffs must file, with a courtesy copy provided for Chambers, any such request with a caption entitled, "Application for Further Discovery," no later than 10 calendar days from the date of entry of this order. Defendants

must file, with a courtesy copy provided for Chambers, any response to such a request no later than 7 calendar days from Plaintiffs' filing of such request.

    SO ORDERED.

Dated: New York, New York
      June 19, 2009

                                                LAURA TAYLOR SWAIN
                                                United States District Judge