UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

LUCKY BRAND DUNGAREES, INC. and
LIZ CLAIBORNE, INC.,

        Plaintiffs,

    -v-                                  No.  05 Civ. 6757 (LTS)(MHD)

ALLY APPAREL RESOURCES LLC, d/b/a
GET LUCKY, et al.,

        Defendants.

---------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  13 JAN 2010

### MEMORANDUM ORDER

        Plaintiffs move for an adverse inference instruction based on Defendants' alleged failure to produce certain emails and design documents.  Plaintiffs contend that these documents would have revealed that Defendants copied Plaintiffs' trademarks.  The court has reviewed carefully the parties' submissions and, for the following reasons, denies Plaintiffs' motion.

        Plaintiffs requested the production of, and issued a non-party subpoena seeking, certain design documents that were referenced during several depositions over the course of discovery in this action.  Those documents, approximately between fifty and one hundred in number, were allegedly attached to emails between Defendants and their outside designer.  Defendants produced "[a] handful of emails," including some with attachments, in response to Plaintiffs' discovery requests. (Ptfs.' Br. 3.)  Defendants' designer produced no documents in response to the subpoena. (Id. 2.)  There is no indication that Plaintiffs sought to compel further responses or expressed any dissatisfaction regarding the extent of the responses. (See Dfds.' Br. 2.)  The instant motion was interposed four months after the close of discovery.

Spoliation sanctions are unwarranted in this instance because Plaintiffs "never complained of [Defendants'] failure to produce documents demanded in discovery, [n]or . . . move[d] for sanctions based on that failure." Aniero Concrete Co., Inc. v. New York City Constr. Auth., 308 F. Supp. 2d 164, 185 (S.D.N.Y. 2003); see also Wood v. Sempra Energy Trading Corp., 03-CV-986 (JCH), 2005 WL 3465845, at *3 (D. Conn. Dec. 9, 2005) ("While a motion for an adverse inference can be filed just in advance of the trial itself, it should be preceded by efforts to compel compliance with discovery requests, and even motions for contempt."). Therefore, the timing of the instant motion, alone, is sufficient reason to deny Plaintiffs the requested adverse inference.

Furthermore, Plaintiffs have failed to show that Defendants in fact failed to produce any document. Based on the parties' submissions, the Court cannot determine whether any documents beyond those produced by Defendants ever existed. The deposition testimony that as many as 100 designs were exchanged via email is not inconsistent with the production made by Defendants as described in Plaintiffs' brief. Plaintiffs do not provide any forensic or other evidence of document destruction by Defendants. The lack of any indication that non-production actually occurred necessarily precludes the spoliation sanction that Plaintiffs seek.

For the foregoing reasons, Plaintiffs' motion for an adverse inference as a sanction for Defendants' alleged non-disclosure of requested documents is denied. The Clerk of Court is respectfully requested to terminate Docket Entry No. 131.

SO ORDERED.

Dated:     New York, New York
           January 13, 2010

                                          _____
                                          LAURA TAYLOR SWAIN
                                          United States District Judge