UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LUCKY BRAND DUNGAREES, INC. and
LIZ CLAIBORNE, INC.,

        Plaintiffs,

-v-                                            No. 05 Civ. 6757 (LTS)(MHD)

ALLY APPAREL RESOURCES LLC, d/b/a
GET LUCKY, et al.,

        Defendants.

-------------------------------------------------------x

### MEMORANDUM ORDER

On January 8, 2009, Magistrate Judge Dolinger granted Defendants' motion for discovery sanctions ("Jan. 8 Order") and held, inter alia, that Defendants were entitled to a favorable disposition of the liability aspect of their counterclaims. In orders dated February 13, 2009, and April 22, 2009, Judge Dolinger and the undersigned, respectively, specified the partial summary judgment and injunction awarded to Defendants. (Docket entry nos. 171, 183.) Defendants now request that certain "findings" made in the Jan. 8 Order be entered into evidence or otherwise presented to the jury in the trial of this action. (Docket entry nos. 217, 219.) Defendants also seek to introduce various statements by Plaintiffs' counsel as admissions pursuant to Rule 801(d)(2) of the Federal Rules of Evidence and as "judicial admissions." (Docket entry no. 218.)

As explained in the Jan. 8 Order, Judge Dolinger found that a determination of Plaintiffs' liability with respect to Defendants' counterclaims was warranted by reason of Plaintiffs' numerous discovery violations, and was supported factually by Plaintiffs' admissions with respect to the offering and sale of t-shirts bearing the "Get Lucky" phrase. The parties thereafter prepared

and submitted consent orders embodying the liability findings and specifying the infringed trademark and the causes of action on which Plaintiffs have been found liable as a discovery sanction. Judge Dolinger and the undersigned have entered those orders, making the relevant liability determinations; each order provides that "Issues relating to Marcel Fashions' counterclaims not specifically addressed herein shall be subject to the trial of this action and nothing in this Order . . . shall be deemed to limit in any way either parties' [(sic)] rights to fully pursue all of their claims or counterclaims or defenses, including for monetary and non-monetary remedies, at trial."

The relevant provisions of the undersigned's April 22, 2009, Order Granting Partial Summary Judgment and Injunction will be incorporated into the Court's instructions to the jury in connection with a direction to the jury that, for reasons with which it need not concern itself, its determinations as to the counterclaims will be limited to damages issues. The jury will also receive instruction to the effect that the determinations of counterclaim liability, which were made in a separate proceeding, do not govern the jury's determinations as to Plaintiffs' claims that are on trial, and it must evaluate the evidence as to those claims and Defendants' defenses thereto in the manner instructed, and in light of the relevant burdens of proof. Similarly, Defendants must prove their damages, and any willfulness component of any damages claim, by competent evidence.

The determination that Defendants are entitled to liability on their counterclaims asserting trademark violations arose out of, and was made as a sanction for, Plaintiffs' discovery abuses. It is not preclusive of any validity and enforceability issues with respect to Plaintiffs' claims or Defendants' trademarks or, indeed, of anything other than Plaintiffs' ability to contest their liability for any damages that Defendants are able to prove in connection with their counterclaims.

Finally, to the extent that the documents containing the "admissions" sought to be

introduced into evidence were not listed as exhibits in the Second Amended Joint Pre-trial Statement ("JPS2") (docket entry no. 202), Defendants' request is denied as untimely. To the extent that the statements or documents containing them were listed in the JPS2, the request is denied without prejudice to the proffer of such statements or documents at trial and any objections thereto.

The trial of this action will commence with jury selection at **9:30 a.m. on April 12, 2010**, in Courtroom 11C. Revised joint requests to charge, voir dire requests and proposed verdict forms must be provided to the Court no later than **March 15, 2010**. A final pre-trial conference will be held on **April 5, 2010, at 2:00 p.m.**

SO ORDERED.

Dated:    New York, New York
         February 3, 2010

_____
LAURA TAYLOR SWAIN
United States District Judge